626 P.2d 1094

**Walter C. MADSEN, in his capacity as Superintendent of Banks of the State of Arizona; Rex E. Staley, Robert W. McGee and Robert E. DeBow, Appellees,**

v.

**Robert H. FENDLER, in his capacity as Director, Appellant.**

**No. 15065.**

Supreme Court of Arizona, In Banc.

March 31, 1981.

Robert H. Fendler, in pro. per.

Robert K. Corbin, Atty. Gen. by Patrick M. Murphy, Asst. Atty. Gen., Phoenix, for appellees.

CAMERON, Justice.

Robert H. Fendler appeals from the trial court's judgment dismissing his cross-claims and denying his motion to file a third-party complaint. We have jurisdiction pursuant to Rule 19(e), Rules of Civil Appellate Procedure, 17A A.R.S.

Although Fendler raises three questions on appeal, the answer to one will be dispositive of the matter and that is: May a party to an administrative hearing enlarge the parties and the cause of action on appeal to the Superior Court pursuant to the Administrative Review Act, A.R.S. § 12–901, et seq.?

The facts necessary for a resolution of this issue are as follows. On 18 February 1977, a shareholders' meeting of the American Bank of Commerce (the Bank) was held. At this meeting Robert Fendler, among others, was apparently elected to the Bank's board of directors. On 23 February

1977, the then Superintendent of Banks, Richard W. Koeb, determined that there was reasonable cause to believe that invalid proxies had been voted to elect Fendler to the board of directors and to establish a quorum, rendering the shareholders' meeting a nullity. Pursuant to former A.R.S. § 6–361, the Superintendent ordered the Bank to continue operating under the board of directors in place prior to the purported election.

The Bank sought administrative review of the Superintendent's cease and desist order as provided by former A.R.S. § 6–361(B). On 24 October 1977, the Hearing Board of the State Banking Department entered its decision after considering the hearing officer's recommendations and the record prepared before the hearing officer. The Hearing Board determined that the 18 February 1977 meeting was of no effect because invalid proxies had been voted. The Board ordered that Superintendent Koeb's 23 February 1977 order remain in effect, leaving the management of the Bank in the control of the board of directors elected prior to 18 February. The Board also ordered the Bank to amend its bylaw relating to the right to vote at a shareholders' meeting.

The Bank then brought an action in the Superior Court seeking review of the final decision of the Superintendent of Banks pursuant to A.R.S. §§ 12–901, et seq., and seeking a declaratory judgment on the Bank's shareholder voting bylaw pursuant to A.R.S. §§ 12–1831, et seq. Named as defendants in the Bank's first amended complaint of 20 December 1977 were: Walter C. Madsen, in his capacity as Superintendent of Banks; the Banking Department of the State of Arizona; the Hearing Board of the Banking Department of the State of Arizona; Robert H. Fendler, in his capacity as a director elected at the 18 February meeting; and other individuals not relevant to this appeal.

In defendant Fendler's answer of 16 August 1978, cross-claims were asserted against Walter C. Madsen, Rex E. Staley, Robert W. McGee, and Robert E. DeBow. Although these men were respectively the Superintendents of Banks, and the Hearing Board of the Banking Department of Arizona, Fendler cross-claimed against them in their individual capacities. Fendler asserted that the four named individuals used their governmental authority to (1) hold the 18 February election invalid as a result of a conspiracy to eliminate the competition which would result if the Bank was managed by a Fendler-led board of directors, and to (2) violate Fendler's civil rights. Fendler prayed for compensatory and punitive damages on each claim.

The cross-defendants filed a motion to dismiss, and oral argument was heard on this motion by Judge Marilyn A. Riddel on 27 October 1978. At this time Fendler made an oral motion to file a third-party claim against the four individuals. The trial court ruled as follows:

"Cross-claim defendants Madsen, Staley, McGee and DeBow having filed a motion to dismiss defendant Fendler's cross-claim; the matter have [having] been argued to the Court, and there being no just reason for delay:

"NOW THEREFORE IT IS ORDERED, ADJUDGED AND DECREED dismissing defendant Fendler's Cross-Claim against Walter C. Madsen, Rex E. Staley, Robert W. McGee and Robert E. DeBow.

"IT IS FURTHER ORDERED denying defendant Fendler's oral motion for leave to file a Third-Party Complaint.

"IT IS FURTHER ORDERED that this judgment is without prejudice to defendant Fendler filing a separate lawsuit as to these parties and/or stated claims against each."

From this ruling defendant Fendler appeals.

A.R.S. § 6–366 provides for judicial review of the actions of the Bank Hearing Board pursuant to A.R.S. § 12–901, et seq., Judicial Review of Administrative Decisions. A.R.S. § 6–366 read at the time of the complaint as follows:

"§ 6–366. Judicial review

"Any party to a proceeding under this article may obtain a review of any order

other than an order issued with consent of the bank or other person concerned. The review shall be had as provided in title 12, chapter 7, article 6.[1] * * * [1 Section 12–901, et seq.]"

The Administrative Review Act provides:

"§ 12–910. Scope of review

A. An action to review a final administrative decision shall be heard and determined with convenient speed. The hearing and determination shall extend to all questions of law and fact presented by the entire record before the court. No new or additional evidence in support of or in opposition to a finding, order, determination or decision of the administrative agency shall be heard by the court, except in the event of a trial de novo or in cases where in the discretion of the court justice demands the admission of such evidence."

In this case, trial was on the record.

Fendler's motion to cross-claim must fail for two reasons. First, he may not, upon review in the Superior Court, enlarge the parties that appeared before the administrative hearing:

"The terms 'parties' in Section 12–902, subsec. B, 'party affected' in Section 12–904, and 'parties of record' Section 12–908, refer to persons appearing before the administrative agency or given legal notice of the proceedings before the administrative agency which reached the decision sought to be reviewed. Unless the person seeking a judicial review falls within these terms, there is no jurisdiction in the Superior Court to entertain the purported review." *Roer v. Superior Court*, 4 Ariz.App. 46, 49, 417 P.2d 559, 562 (1966).

■ The parties before the administrative hearing were the Superintendent of Banks and the members of the Bank Hearing Board in their official capacities. Fendler seeks to sue them in their individual capacities. For these purposes, they are separate persons. *Higgins v. Shenango Pottery Co.*, 99 F.Supp. 522 (W.D.Pa.1951); see *Pioche Mines Consol. Inc. v. Fidelity-Philadelphia Trust Co.*, 206 F.2d 336 (9th Cir.), cert. denied, 346 U.S. 899, 74 S.Ct. 225, 98 L.Ed. 400 (1953). By trying to join them in their individual capacities in the Superior Court, Fendler was trying to add to the parties that were before the Bank Hearing Board. Judicial review of administrative hearings is a limited review, and the court's jurisdiction over parties to the administrative hearing cannot be enlarged in the appeal by a counterclaim or cross-claim.

■ Fendler contends, however, that A.R.S. § 12–911, which gives the court the power to "(3) Allow substitution of parties by reason of marriage, death, bankruptcy, assignment or other cause" would allow him to cross-claim or counterclaim. We do not agree. A.R.S. § 12–911 is a substitution clause allowing substitution of one party for another when their legal relationship changes. It does not serve to enlarge the parties that may come under the jurisdiction of the Superior Court when reviewing the actions of an administrative agency under the Administrative Review Act.

■ Fendler further contends, however, that either Rule 13(g), cross-claim against co-party, or Rule 14, third-party practice, of the Rules of Civil Procedure, 16 A.R.S., allows him to cross-claim or join third-party defendants in the Superior Court action. Again we do not agree. The rules provide a method of joining parties and designating their position in the lawsuit if the court otherwise has jurisdiction over the parties and their cause of action. The rules may not serve to confer or extend the jurisdiction of the court over parties or subject matter that it does not possess.

■ Second, the Superior Court, on appeal, has only that subject matter jurisdiction which could be asserted in the administrative hearing. In the instant case, the Superintendent of Banks and the Bank Hearing Board were concerned only with the operation of the Bank and had authority, pursuant to A.R.S. § 6–361, et seq., to issue cease and desist orders to the Bank for improper conduct and management and to remove officers when necessary. Fendler could not assert a private cause of

action in the administrative hearing, and he may not assert the same private cause of action on appeal to the Superior Court.

Since the Bank Hearing Board did not have jurisdiction to consider a conspiracy or civil rights action against the Superintendent of Banks and the Bank Hearing Board, the Superior Court, on review, did not have this jurisdiction.

Judicial review of administrative actions is a limited review and relates only to the issues, questions, *Custred v. Jefferson County*, 360 So.2d 285 (Ala.1978), or parties, *Roer v. Superior Court*, supra, open to review under the Administrative Review Act. The Superior Court is limited to the questions properly raised before the administrative hearing and limited to the parties who are part of the hearing or who have been served and notified and could have been a part of that hearing.

There being no jurisdiction to hear new causes of action between new parties, the court was correct in denying Fendler's two motions.

Judgment affirmed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and GORDON, JJ., concur.