651 P.2d 853

G. P. BERRY, Plaintiff-Appellee,

v.

The ARIZONA STATE LAND DEPART-
MENT and the Commissioner thereof,
Defendants-Appellants.

No. 15658.

Supreme Court of Arizona,
In Division.

Sept. 9, 1982.

Engdahl, Jerman & Estep by Dean Estep, Phoenix, for plaintiff-appellee.

Robert K. Corbin, Atty. Gen. by Susan Bliss, Charleen H. Greer, Asst. Attys. Gen., Phoenix, for defendants-appellants.

HOLOHAN, Chief Justice.

This case involves the scope of review in an appeal de novo from a decision of the state land commission to the superior court. We assumed jurisdiction pursuant to Rule 19(e), Arizona Rules of Civil Appellate Procedure, 17A A.R.S.

This action arose out of a dispute between the Arizona State Land Department (hereinafter, the State) and a lessee of state lands. During 1969, Appellee G. P. Berry (hereinafter, Berry) obtained a commercial lease on the parcel in question and subsequently received periodic lease renewals. In May, 1975, the month before the lease was due to expire, Berry applied for another two-year renewal. His application was returned to him as incomplete. In February, 1977, after Berry had been without a lease for about 20 months, he resubmitted his application for renewal. The following month the State instituted administrative proceedings to terminate Berry's tenancy. The State alleged that Berry had failed to use the land for the purpose stated in the lease, the housing and breeding of horses, and instead had permitted a tiger trainer to live there and work his Bengal tigers.

In May, 1977, following a hearing the state land commissioner issued an order cancelling Berry's tenancy and ordering him to pay back rent for the period during which he possessed the land as a holdover tenant.

Berry appealed to the superior court pursuant to the version of A.R.S. § 37–134 then in effect. Only the issue of the commissioner's jurisdiction to order payment of holdover rents was litigated on appeal.

The superior court ruled that the commissioner "is without authority to issue an order that a person who once held a lease on state land pay monies to the state as and for rent . . . after expiration of the lease term." Accordingly, the commissioner's order to pay holdover rent was reversed. The State requested that the court award its attorneys' fees pursuant to A.R.S. § 12–341.01, which request was denied.

The State brought this appeal for determination of the following questions:

1. Assuming the state land commissioner did not have authority to order payment of holdover rent, did the superior court err when it refused to consider the merits of the issue of holdover rent?

2. Was the State entitled to attorneys' fees pursuant to A.R.S. § 12–341.01 for the de novo proceedings in superior court?

The State maintains that the superior court improperly characterized the land commissioner's powers and incorrectly restricted the court's jurisdiction to that characterization.

The appellate jurisdiction of the superior court is not as broad as its original jurisdiction. The superior court, in an appeal de novo, has only that subject matter jurisdiction which could be asserted in the administrative hearing from which the appeal was taken. *Madsen v. Fendler,* 128 Ariz. 462, 626 P.2d 1094 (1981). Trial de novo means a new trial, or literally a second time, in the same manner, and with the same effect. *State v. Jones,* 94 Ariz. 334, 385 P.2d 213 (1963).

A trial de novo is conducted as though it were one of original jurisdiction in the superior court in the sense that evidence can be received anew, but appellate jurisdiction is not thereby enlarged. *Rojas v. Kimble,* 89 Ariz. 276, 361 P.2d 403 (1961). If the administrative agency has no jurisdiction to consider a question, the appellate court has none, even if the question would have come within the court's original jurisdiction.

The State concedes that the commissioner lacks authority to issue a money judgment requiring a former lessee to pay holdover rent. However, the State argues that the commissioner does have authority to determine that a person in possession of state lands is a holdover tenant and to determine the amount of "rent" that person owes. This authority, the State contends, is derived from the Enabling Act, the Arizona Constitution and the state land statutes, in particular A.R.S. §§ 37–102 and 37–132.

■ The Arizona-New Mexico Enabling Act of June 20, 1910, 36 Stat. 557, granted over ten million acres of land to Arizona in trust for the use and benefit of designated public activities within the state. Article 10 of the Arizona Constitution accepts the grant and repeats, practically verbatim, the provisions of the Act governing management of the trust land. Pursuant to these provisions the State, with the state land commissioner as trustee, is strictly obligated to manage the trust lands for the benefit of the trust and trust beneficiaries. *Lassen v. Arizona,* 385 U.S. 458, 87 S.Ct. 584, 17 L.Ed.2d 515 (1967).

■ The administration, charge, and control of state land is vested in the state land department. A.R.S. § 37–102. These powers and duties are to be exercised and performed by the commissioner. A.R.S. § 37–132(A)(1). The commissioner is expressly empowered to lease state trust land for commercial purposes. A.R.S. § 37–132(A)(7). "Except as otherwise provided," the commissioner is also authorized to "determine all disputes, grievances or other questions pertaining to the administration of state lands." A.R.S. § 37–132(A)(8).

The State argues that these statutes together with the constitution and Enabling Act make it reasonable to construe the commissioner's power to settle disputes as permitting him to determine that a former lessee who continues to use the land must pay for that use.

We agree that the statutory authority permits the commissioner to seek payment for use of state lands. However we cannot agree that the statutes authorize the commissioner to make a binding determination of the amount owing.

The statutory scheme sets forth the means the commissioner is authorized to pursue in order to protect trust lands from non-lease uses. A.R.S. § 37–294(B) provides in pertinent part:

> The state land department shall examine into the rights of all persons in possession of state lands . . . . If it is determined that any person is unlawfully in possession of such lands, . . . the department shall bring an action to recover possession of the lands and improvements, or otherwise establish the rights of the state.

Another statute makes it a misdemeanor to unlawfully occupy state land. A.R.S. § 37–501(3). Further, a person who unlawfully occupies state land may be liable for damages in a civil action brought by the state land department pursuant to A.R.S. § 37–502.

We believe these statutes were intended to cover situations like the one that is the basis of this action. By the express terms of A.R.S. § 37–132(A)(8), the commissioner has not been granted authority to settle disputes where specific means to determine such disputes is "otherwise provided."

We hold that the statutory remedies created by the legislature are commensurate with the mandates of the Enabling Act and Arizona Constitution in providing adequate protection for the trust and trust beneficiaries. The commissioner has no authority to determine holdover rent issues by himself but must pursue the statutory remedy and bring suit to recover any damages arising out of the unlawful possession of state lands.

The superior court properly refused to consider the merits of the issue of holdover rent as it was not within the court's appellate jurisdiction to determine that issue.

The State next asserts that it was entitled to recover attorneys' fees pursuant to A.R.S. § 12–341.01 for the appeal in superior court. The court refused to award attorneys' fees on four separate grounds, stating

that each ground independently supported the conclusion that attorneys' fees should not be awarded, either pursuant to A.R.S. § 12–341.01 or otherwise.

We need not reach the arguments presented by the parties on the question of whether the State, when represented by the Attorney General, is entitled to attorneys' fees. We find the following conclusion of law by the superior court to be dispositive of this issue:

> "Were such an award authorized by law, the Court would exercise its discretion, under the circumstances present here, to deny such award. The Court determines that such an award is not mandatory under the circumstances, in that issues ultimately abandoned on appeal by plaintiff were not raised in bad faith, nor were they patently groundless[.]"

The matter of allowing attorneys' fees under A.R.S. § 12–341.01(A) is discretionary with the trial court. *Autenreith v. Norville,* 127 Ariz. 442, 622 P.2d 1 (1980). The award of attorneys' fees under A.R.S. § 12–341.01(C) requires a finding that the claim or defense constituted harassment, was groundless and not made in good faith. The trial court exercised its discretion and denied attorneys' fees under subsection A of the statute, and, having found that the appellee was not acting in bad faith, the trial court also denied attorneys' fees under subsection C. We find no error in these rulings of the trial court.

The judgment of the trial court is affirmed.

CAMERON and FELDMAN, JJ., concur.