780 P.2d 431

**Bernard ARKULES and Barbara Arkules, Plaintiffs/Appellees/ Cross–Appellants,**

v.

**BOARD OF ADJUSTMENT OF the TOWN OF PARADISE VALLEY and Sam DeMuro, Defendants/Appellants/Cross–Appellees.**

No. 2 CA–CV 88–0349.

Court of Appeals of Arizona, Division 2, Department B.

April 13, 1989.

Review Denied Oct. 11, 1989.

Bernard C. Arkules, Paradise Valley, for plaintiffs/appellees/cross-appellants.

Charles G. Ollinger, Paradise Valley, for defendant/appellant/cross-appellee Town of Paradise Valley Bd. of Adjustment.

Beus, Gilbert, Wake & Morrill by Neil Vincent Wake, and Glenn Bayler Jenks, Phoenix, for defendant/appellant/cross-appellee DeMuro.

OPINION

LACAGNINA, Chief Judge.

This appeal arises from a special order entered after final judgment on remand

from a previous appeal. Both parties appeal from the order of the superior court. Sam DeMuro and the Board of Adjustment of the Town of Paradise Valley argue that the superior court has no authority to permit the filing of an amended complaint seeking an injunction against DeMuro because it lacks subject matter jurisdiction and that Bernard and Barbara Arkules must file a new complaint. Arkules argues the superior court has jurisdiction to entertain his motion for imposition of the injunction in furtherance of the remand without the necessity of filing another complaint.

For the reasons stated below, we affirm the order of the superior court and remand for further proceedings necessary to give effect to our prior opinion.

## FACTS AND PROCEDURAL HISTORY

The underlying facts leading to the first appeal are stated in *Arkules v. Board of Adjustment of Paradise Valley*, 151 Ariz. 438, 728 P.2d 657 (App.1986). Briefly stated, DeMuro received a variance from the Board permitting the use of a nonapproved color for the exterior of his home. The Town's mountain building regulations required that exterior colors blend with the mountain setting. DeMuro requested a variance because the approved colors were incompatible with his Mediterranean-style home which required a white or off-white color. Arkules, a neighbor, filed a complaint against DeMuro and the Board for declaratory judgment and injunction. The superior court permitted Arkules to designate his complaint as a special action and denied him relief. On appeal, this court held that the variance was void because the Board had no powers other than those granted by statute. We found that those statutes and rules and regulations promulgated by the Board prohibited a color variance because color was not a special circumstance or factor involving the size, shape, location, topography or nature of surrounding property depriving the owner of benefits, uses, or privileges enjoyed by other properties of the same zoning classification. *Arkules v. Board of Adjustment, supra.*

In *Arkules*, we remanded the case for entry of judgment declaring the variance invalid. After denial of the petition for review, this court's mandate was issued commanding such proceedings be held as required to comply with the opinion attached to the mandate. Arkules moved this court for additional instructions to be included in the mandate to provide for an injunction. That motion was denied. The superior court entered judgment on January 27, 1987, declaring the variance void. The signing of the judgment was preceded by the following minute entry of January 26, 1987:

This matter has been under advisement.

The parties' latest memoranda have been considered. Pursuant to the mandate and opinion of the Court of Appeals which declared the variance invalid, the Court has signed the form of judgment submitted by Mr. Ollinger. This is a non-final judgment entered without prejudice to Plaintiff renewing a request for an injunction once the Town has considered and denied Plaintiff's request to enforce the ordinance. This Court will not interfere with the Town's executive powers regarding discretionary enforcement until the Town has made some arguably capricious decision regarding enforcement of the ordinance. See especially *Town of Paradise Valley v Gulf Leisure Corp.*, 557 P2d 532, 27 Ariz.App. 600 at 610 and 611 (1976).

The Town of Paradise Valley has determined not to enforce its mountain building regulations against DeMuro relating to the color of his house. Arkules moved for entry of an injunction, and DeMuro responded by motion to dismiss based on the argument that the superior court lacked subject matter jurisdiction in a statutory special action to hear a claim for injunction or any other form of relief except as provided by the statute itself.

The superior court resolved the request for injunction and opposition thereto by the following order:

Arguably, this Court now has the power to issue an injunction under the lan-

guage of "order" in Rule 6 of the Rules of Procedure for Special Action. But in order not to compromise what is admittedly a debatable issue, it appears safer to require Plaintiff to amend his pleadings in the event Plaintiff seeks formal injunctive relief. If Plaintiff does file a Motion to Amend, the net result will be that this Court will have appellate jurisdiction to review the decision by the Board of Adjustment and also original jurisdiction to consider facts and, if they warrant it, to issue an injunction. Failure to do so by Plaintiff will limit this Court's jurisdiction to a special action jurisdiction, viz, to an approval or disapproval of the decision by the Board of Adjustment regarding DeMuro's house color.

## SUPERIOR COURT JURISDICTION

■ DeMuro argues that on remand the superior court only has jurisdiction to enter a judgment declaring the variance void, thereby complying with the court of appeals opinion. He argues that after entry of judgment, the case was concluded and, if Arkules wanted to pursue the issuance of an injunction to correct the wrong he suffered by the unlawful conduct of the Board and DeMuro, he must file a new complaint seeking that relief. DeMuro argues this is so because the superior court has only appellate jurisdiction pursuant to A.R.S. § 9–462.06(J) and, therefore, sitting as an appellate court, it has only that subject matter jurisdiction which the Board had in the proceedings from which the special action was taken, citing *Madsen v. Fendler*, 128 Ariz. 462, 626 P.2d 1094 (1981), and *Berry v. Arizona State Land Dept.*, 133 Ariz. 325, 651 P.2d 853 (1982). We disagree. Those cases both dealt with judicial review authorized under A.R.S. § 12–901, the Administrative Review Act. Review under the Act is specifically limited, with certain exceptions, to the subject matter jurisdiction asserted in the administrative hearing. *Madsen v. Fendler, supra.* In both cases, the superior court was acting as an appellate court in its review.

In this case, Arkules filed, by amended complaint, a special action in the superior court, giving the superior court broader powers in the exercise of its original jurisdiction. *See* Ariz.R.P.Spec.Ac. 1(a) and 4(a), 17B A.R.S. These powers include granting his requested relief, an injunction, upon making the proper findings. Ariz.R.P.Spec.Ac. 6, 17B A.R.S.; Ariz.R.Civ.P. 65, 16 A.R.S. In addition, *Madsen* holds that judicial review pursuant to § 12–901 prohibits the addition of new parties which were not present at the administrative hearing. It is undisputed that Arkules was not present at the original board of adjustment hearing, but was nevertheless authorized under A.R.S. § 9–462.06(K) to seek review of its decision by special action. He was also authorized to join DeMuro in the action in his individual capacity. This was prohibited in *Madsen v. Fendler*. *Madsen* and *Berry* are distinguishable for these reasons as well.

The superior court must accept special action jurisdiction pursuant to A.R.S. § 9–462.06(J), and when it does, it has broader authority than in ordinary cases of certiorari. *Book Cellar, Inc. v. City of Phoenix*, 139 Ariz. 332, 678 P.2d 517 (App. 1983).

The legislature has recently amended the statute regarding the Board of Adjustment, A.R.S. § 9–462.06, by adding subsection (J) which is essentially identical to former A.R.S. § 9–465(E), except that "petition for writ of certiorari" has been replaced with "complaint for special action." However this statutory provision was not enacted until 1982, after this petition was filed in superior court. Application of A.R.S. § 9–462.06(J) will have the effect of eliminating the Superior Court's discretion regarding acceptance of jurisdiction of this type of special action since it is now a statutory special action. *See* State Bar Committee note to Rule 1(b). Moreover, the authority of the Superior Court will be even broader under A.R.S. § 9–462.06(J) than in ordinary cases of certiorari, just as it was under A.R.S. § 9–465(E). *See City of Phoenix v. Superior Court*, 110 Ariz. 155, 515 P.2d 1175 (1973).

139 Ariz. at 336, 678 P.2d at 521 (footnote omitted).

The superior court has personal jurisdiction over DeMuro as a party to the special action and, in the exercise of its broad powers, may enforce its judgment that the variance is invalid. The trial court was correct when it stated in its order as follows:

> Arguably, this Court now has the power to issue an injunction under the language of "order" in Rule 6 of the Rules of Procedure for Special Action.

Although not necessary, it was not error for the trial court to determine that one way to arrive at a decision regarding issuance of an injunction was by permitting an amended pleading specifically seeking an injunction so that the court could consider facts and, if warranted, issue or refuse to issue an injunction.

## SUPERIOR COURT ORDER CONSISTENT WITH MANDATE

 The next question we must answer is whether the mandate in the first appeal prohibits the action taken by the superior court to decide whether to issue an injunction. DeMuro claims the superior court on remand can only do what is stated in the opinion, citing *Vargas v. Superior Court*, 60 Ariz. 395, 138 P.2d 287 (1943), and *State v. Griffin*, 54 Ariz. 436, 96 P.2d 752 (1939). Our opinion in the first appeal "remanded for entry of judgment declaring the variance invalid." The mandate which accompanied the opinion commanded that such proceedings be held as shall be required to comply with the opinion. We did not intend by our opinion or mandate to prevent the superior court from making a just resolution of the issues before it. The superior court's original judgment did not provide for injunctive relief. None was needed because it found the variance valid. There were no issues raised on appeal from that judgment by the parties regarding an injunction; therefore, the opinion was silent on this issue, and this court had no authority in the first appeal to grant a request to enlarge our mandate to include an issue not decided by the trial court or raised by the appeal. Nothing else was intended by our silence on the propriety of issuing an injunction. All we decided in the first appeal was the validity of the variance. On remand the superior court has the jurisdiction to take whatever action is appropriate under the rules of procedure for special actions and the rules of civil procedure to give effect to our decision. *State v. Boykin*, 112 Ariz. 109, 538 P.2d 383 (1975); *Harbel Oil Co. v. Superior Court of Maricopa County*, 86 Ariz. 303, 345 P.2d 427 (1959).

DeMuro was properly joined as a defendant in this special action. The variance under which he acted has been declared invalid, and the superior court has jurisdiction to enforce the judgment entered upon our mandate, including the issuance of an injunction, if it finds that to be an appropriate remedy, to give effect to our decision and reach a just conclusion to this dispute.

We have considered the issues in Arkules' cross-appeal and find they are not properly before us.

We affirm the order of the superior court and remand for further proceedings consistent with this opinion.

ROLL, P.J., and FERNANDEZ, J., concur.