868 P.2d 1070

**RAIL N RANCH CORPORATION, an Arizona corporation, and Lloyd W. Golder III and Vicki L. Cox Golder, husband and wife, Plaintiffs–Appellants,**

v.

**M. Jean HASSELL, individually, and as the Arizona State Land Commissioner, and as Trustee of the Arizona School Lands Trust; Arizona State Land Department; Arizona Board of Land Appeals, Defendants–Appellees.**

No. 1 CA–CV 92–0065.

Court of Appeals of Arizona, Division 1, Department B.

Feb. 10, 1994.

---

Robert A. Kerry, P.C. by Robert A. Kerry, Tucson, for plaintiffs-appellants.

Grant Woods, Atty. Gen. by Theresa M. Craig, Phyllis R. Hughes and Catherine Stewart, Asst. Attys. Gen., Phoenix, for defendants-appellees.

## OPINION

JACOBSON, Presiding Judge.

We are asked in this appeal to determine when an application for sale of state trust land ripens into a "sale proceeding" for the purpose of determining what avenue of review is available to a disappointed sale applicant.

The Commissioner (Commissioner) of the Arizona State Land Department (Department) denied the application of Rail N Ranch Corporation (Rail N Ranch) to purchase 160 acres of state school trust land. Rail N Ranch appealed this decision to the Department's Board of Appeals (Board), pursuant to A.R.S. § 37–236(C). The Board determined that the statute was not applicable and concluded that it had no jurisdiction to consider the Commissioner's order. The Board thus dismissed the appeal.

Rail N Ranch then filed a complaint in superior court seeking judicial review of the Board's ruling. In the same complaint, Rail N Ranch also stated other claims for relief against the Department, the Board, and the Commissioner. On the administrative review claim, the superior court affirmed the Board's dismissal for lack of jurisdiction. It dismissed all the other claims, concluding that it had no jurisdiction to consider them in the judicial review proceeding. This appeal followed.

## FACTS AND PROCEDURAL HISTORY

For approximately twenty-four years, Rail N Ranch had leased 160 acres of state trust land upon which it had built a dam and spillway. The dam leaked despite Rail N

Ranch's repeated efforts over the years to repair it. When the lease of the trust land came up for renewal in 1986, the Department refused to renew the lease on the 15–acre portion that contained the dam and spillway.

Rail N Ranch then applied to purchase the 15 acres. The application was later amended to include the entire 160 acres after the Department refused to sell the 15 acres alone. For more than three years, the application languished, apparently because the Commissioner had difficulty obtaining an appraisal at a price he would be willing to recommend for sale of the property.

Finally, on May 31, 1989, the Department sent Rail N Ranch a notice of appraisal, informing it that the Commissioner had appraised the 160 acres at $4000 per acre and had appraised the value of the improvements at $880,748. The notice contained a statement explaining that the "appraisal is not a final determination of the merits of the application." The notice also advised Rail N Ranch that it had a right to appeal the appraisal to the Board or that it could expedite the processing of the application by waiving appeal of the appraisal.

Accompanying the notice of appraisal was a letter from the Department that contained duplicate information about the right to appeal or waive the right. The letter advised Rail N Ranch of surveys that were required and of advertising costs that would have to be paid and, then, stated as follows:

When the above requirements have been met, and if the Board of Appeals approves the application, then a public auction will be scheduled.

Rail N Ranch appealed the appraised value to the Board. After a hearing, the Board reduced the appraisal value to $1400 per acre. The Board also accepted a stipulation that increased the appraised value of the improvements to $1,034,815. Ten days later, the Commissioner sent Rail N Ranch a letter advising that a sale at the $1400 per acre price was not in the best interest of the trust and that he intended to deny the application. The Commissioner indicated that he would consider a new application at a future date based on a new appraisal if both sides could reach agreement on land value.

Rail N Ranch responded by making a demand that the Commissioner proceed with the sale of the 160 acres at the appraised value of $1400 per acre. It enclosed a survey of the property and a check for $2500 for the estimated advertising costs.

The Department rejected Rail N Ranch's check. The Commissioner then issued a formal order denying the application to purchase the state trust land. That order provided, in relevant part:

Prior to the issuance of this order, no decision to sell had yet been made by the Land Department as any such decision was deferred pending the Board's determination on value. In evaluating at this time whether a sale at the value set by the Board would be in the best interest of the trust, the Land Department has considered information that land values have been increasing in the area where the parcels are located.... It is not in the best interest of the trust to sell the parcels at the value set by the Board of Appeals because of the likelihood that a greater return would be achieved for the trust by deferring any sale of these lands to a later time.

Based on the foregoing, it is determined that a sale of this land is not in the best interest of the Trust at this time.

Therefore, IT IS ORDERED that Application to Purchase No. 53–93111 is hereby denied.

(Footnote omitted.)

Rail N Ranch appealed to the Board, taking the position that the Commissioner's order had been made pursuant to A.R.S. § 37–236, which provides, in part:

(B) If the commissioner receives information which indicates a change in the circumstances regarding the benefits to the trust but prior to the acceptance of a final bid at the public auction, the commissioner may cancel the sale proceedings.

(C) A person adversely affected by a decision to terminate a sale pursuant to subsection B of this section may appeal such decision to the board of appeals pursuant to § 37–215.

Before the Board, the Department argued that the Commissioner's order was not a cancellation of sale proceedings under A.R.S. § 37–236(B) and, therefore, the Board lacked jurisdiction pursuant to subsection (C) to review the Commissioner's decision because it was not "a decision to terminate a sale." The Board dismissed the appeal.

Rail N Ranch then filed a complaint in superior court seeking judicial review of the Board's determination that it had no jurisdiction. In this same complaint, it filed other claims for relief, including a request for special action to order the sale to proceed, a request for specific performance of a contract to renew the lease, and various damage claims. The superior court dismissed all of these claims for lack of jurisdiction, concluding that they had been improperly joined with the request for judicial review of the administrative proceeding. On the administrative review claim, the superior court affirmed the Board's determination that it lacked jurisdiction to review the Commissioner's decision. The court concluded that the Commissioner had not made the necessary determination that the sale would be in the best interest of the state and, therefore, no "sale proceedings" were under way so as to invoke subsections (A) and (B) of A.R.S. § 37–236. This appeal followed.

## STANDARD OF REVIEW

■ The issues presented in this appeal are strictly questions of law, mainly pertaining to statutory construction. Questions of statutory interpretation involve questions of law. *Siegel v. Arizona State Liquor Bd.*, 167 Ariz. 400, 401, 807 P.2d 1136, 1137 (App. 1991). Both the trial court and this court are free to draw their own legal conclusions in deciding whether an agency erred in its determination of the law. *Carley v. Arizona Bd. of Regents*, 153 Ariz. 461, 463, 737 P.2d 1099, 1101 (App.1987).

**WAS THE SUPERIOR COURT COR-RECT IN UPHOLDING THE BOARD'S DISMISSAL OF THIS AP-PEAL FROM THE COMMISSION-ER'S DENIAL OF THE SALES AP-PLICATION FOR LACK OF JURIS-DICTION?**

Generally, the Department is to administer all laws relating to state lands. A.R.S. § 37–102(A). The Commissioner is the executive officer of the Department. A.R.S. § 37–131(A). Moreover, the Commissioner has the authority to make the ultimate administrative decisions for the Department in matters pertaining to state lands, A.R.S. § 37–132, subject to judicial review pursuant to the Administrative Review Act, A.R.S. §§ 12–901 *et seq.* A.R.S. § 37–134.

However, in certain limited circumstances, the Board is given appellate review of the Commissioner's decisions. One of these circumstances arises under subsection (B) of A.R.S. § 37–236, when the Commissioner cancels a sale proceeding prior to the acceptance of a final bid at public auction. That decision is appealable to the Board.

Rail N Ranch's basic contention is that the Board's limited appellate jurisdiction was invoked under the circumstances presented here. The Department argues that no sale proceedings within the meaning of the statute were pending to invoke A.R.S. § 37–236(B). As a corollary, the Department argues that the Commissioner's denial of the application was simply an administrative order that must be appealed directly to the courts pursuant to the Administrative Review Act. To resolve this issue, we must determine the meaning of the words "sale proceedings" as used in subsection (B) of A.R.S. § 37–236.

■ Subsection (A) of A.R.S. § 37–236[1] discusses the circumstances under which the

1. A.R.S. § 37–236(A) provides:

Upon completion of the appraisal, *if the department determines that the interests of the state will not be prejudiced by sale of the land,* or when application for purchase was made by the lessee of agricultural land entitled to compensation for improvements on the land appraised, within sixty days after the time for

taking an appeal expires and no appeal is taken, *or if an appeal is taken and the decision is against appellant,* within sixty days after the decision is received, the department shall order the sale of the lands to the highest and best bidder therefor at public auction held at the county seat of the county wherein the land or the major portion thereof is located, and the

Department "shall order the sale of the lands to the highest and best bidder therefor at public auction...." It is well-settled that statutes are to be construed together with related statutes. *State ex rel. Larson v. Farley*, 106 Ariz. 119, 122, 471 P.2d 731, 734 (1970). This rule clearly applies to subsections within the same statutory section. When A.R.S. § 37–236 is read as a whole, it is reasonable to conclude that the language in (B) regarding cancellation of the sale proceedings refers back to the language in (A) regarding the Department's ordering of the sale of lands at public auction. Under such a construction, the Commissioner does not cancel "sale proceedings" within the meaning of the statute until a sale at public auction has been ordered or until the Department has been legally required to order such a sale under the circumstances described in subsection (A).

█ In our opinion, the sale application in this case had not progressed to the point where a sale at public auction had been ordered. When the Commissioner sent notice of the appraised value to Rail N Ranch, he advised that no determination of the merits of the application had been made yet. At best, the communications from the Commissioner indicated he would be willing to recommend sale at the appraised value he had adopted, $4000 per acre. He gave no indication that he would recommend a sale if the appraised value was lowered to $1400 per acre through appeal. At no time after the Board lowered the appraised value of the land did the Commissioner make a determination that a sale of the land at that value would be in the best "interest of the state," as required by A.R.S. § 37–236(A).

A.R.S. § 37–236(A) describes several circumstances in which the Department is required to order the sale of lands at public auction. One is where no appeal is taken after an appraisal has been completed and the Department has determined that the interests of the state will not be prejudiced by sale of the land. Another is where appeal is taken and the decision is "against appellant" (the party seeking review of the Commission-

er's appraisal). Here, the Commissioner's appraisal was reduced; thus, the decision was not "against" appellant. In our opinion, the statutory scheme required the Commissioner to decide anew whether a sale at that reduced value was in the best interest of the state. No such determination was forthcoming.

Instead, the Commissioner's order was a determination that a sale was not in the best interest of the state. Such a denial of the sale application was rendered before a "sale proceeding" had ever been ordered and was reviewable by the courts under the Administrative Procedure Act, not under A.R.S. § 37–236(C).

Rail N Ranch argues that such an interpretation will render § 37–215(E) meaningless. Under this statutory provision, the Department would have been allowed to appeal the Board's appraisal ruling to the courts pursuant to the Administrative Review Act. Rail N Ranch argues that the Department therefore should have been required to sell the land at the appraised value as determined by the Board, or to appeal that decision.

We disagree. If the Commissioner feels that the best interest of the state is served by a sale at the present time but not at the appraisal set, he may choose to appeal to the courts in order to have the appraisal value raised. If, however, he believes that the sale at the appraised value is not advantageous to the state at this time, he may simply deny the application for sale. To say that the Commissioner has to proceed with the sale where he chooses not to appeal would render meaningless the language in A.R.S. § 37–236(A), which requires a determination of best interest. We believe that this construction is the only way to give some effect to both of these statutory provisions.

Rail N Ranch argues that a different result is mandated by the case of *Bettwy v. Black Canyon Greyhound Park, Inc.*, 119 Ariz. 227, 580 P.2d 365 (App.1978). In that case, this court required the Department to go through with a sale of state land where

department shall give notice of the sale by advertisement.

(Emphasis added.)

the Commissioner's appraisal had been reduced by the Board and no appeal had been taken to the courts.[2]

We disagree. *Bettwy* is distinguishable from this case. In *Bettwy*, there was evidence that the Commissioner had made an unqualified decision to sell the land both before the appeal of the appraisal to the Board and after the Board reduced the appraised value. In fact, the Deputy Commissioner approved the reduced value set by the Board. Moreover, in *Bettwy*, no issue had been raised concerning whether the statute requires a sale where an appeal to the Board is taken and the decision is in favor of the appellant but the Commissioner subsequently determines that the sale is not in the best interest of the state. We therefore do not find *Bettwy* controlling.

Rail N Ranch also argues that it was misled by the Department into thinking the Commissioner was canceling sale proceedings within the meaning of A.R.S. § 37–236. It argues that, because it pursued a timely appeal and merely pursued it in the wrong forum, it should be entitled to some kind of relief.

We find no misleading conduct by the Commissioner. The Commissioner made it clear in the notice of the appraisal that he was not yet approving sale of the land. Even when he denied the application, he again pointed out that no decision to sell had ever been made. Moreover, that notice indicated that "if the board of appeals approves the application," the sale would proceed. No such approval was ever given. Under these circumstances, no misleading conduct occurred. Also, we note that Rail N Ranch is not precluded from starting the process over again with a new application.

We conclude that no "sale proceedings" had been instituted and, therefore, the Board correctly determined that it had no jurisdiction to review the Commissioner's order denying the application. We need not consider the separate argument that, even if the Commissioner had determined to sell the land, no sale proceedings could be underway because there had been no approval of the sale by the Board pursuant to the requirement of A.R.S. § 37–132(A)(7).[3] We therefore express no opinion on this issue.

## WAS IT PROPER FOR THE SUPERIOR COURT TO DISMISS THE OTHER CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION?

The superior court determined that, because its jurisdiction had been invoked to review an administrative ruling, it had no jurisdiction to consider other private causes of action in the same proceeding, relying upon *Madsen v. Fendler*, 128 Ariz. 462, 626 P.2d 1094 (1981). In *Madsen*, the Arizona Supreme Court held that a party could not assert a private cause of action in a suit for administrative review of an agency decision pursuant to the Administrative Review Act, A.R.S. §§ 12–901 *et seq. Id.* at 465–66, 626 P.2d at 1097–98. In *Madsen*, a defendant had attempted to file a cross-claim in the administrative judicial review proceeding. The supreme court upheld the superior court's determination that it could not consider the cross-claim, concluding as follows:

---

**2.** At the time *Bettwy* was decided, A.R.S. § 37–236 did not contain the provisions that were added as subsections (B) and (C), in apparent response to the *Bettwy* decision. *See* Laws 1981, ch. 1, § 12.

**3.** For many years A.R.S. § 37–132(A)(7) read as follows:

A. The commissioner shall:

    \*    \*    \*    \*    \*    \*

7. Have authority to lease for commercial purposes and sell all land owned or held in trust by the state, but any such lease for commercial purposes or any such sale shall first be approved by the board of appeals pursuant to section 37–213.

A.R.S. § 37–213 was the statute that established the Board.

In 1989 the statute was modified by citing to 37–214 instead of 37–213. *See* Laws 1989, ch. 171, § 1. A.R.S. § 37–214 is a statute setting forth a procedure for the Board to follow in approving sale or lease of land for urban or self-contained community development. Therefore, Rail N Ranch had some basis for arguing that approval by the Board is not needed unless use of the land for these purposes is involved.

In 1992 the statute was again amended, this time providing that "any such sale shall first be approved by the board of appeals" and deleting reference to any other statute. *See* Laws 1992, ch. 190, § 1.

Judicial review of administrative action is a limited review and relates only to the issues, questions ... or parties ... open to review under the Administrative Review Act. The Superior Court is limited to the questions properly raised before the administrative hearing and limited to the parties who are part of the hearing or who have been served and notified and could have been a part of that hearing.

*Id.* at 466, 626 P.2d at 1098.

■ Rail N Ranch argues that nothing in the *Madsen* case prevents a plaintiff from joining private causes of action with a request for judicial review of an administrative proceeding. We disagree and find that the prohibition against joining private causes of action with a request for judicial review of an agency ruling applies equally to plaintiffs and defendants. We find no basis for making a distinction. Thus, we conclude that the superior court properly determined that these other claims should also be dismissed for lack of subject matter jurisdiction.

The Department, however, is not content to have us merely uphold the superior court's determination that it lacked subject matter jurisdiction to consider these other claims. The Department asks us to also rule that these other claims should be dismissed on the merits on the basis that Rail N Ranch's failure to timely appeal the administrative rulings to the superior court bars any further relief.

■ A.R.S. § 37–133 provides that, where no appeal is taken through the Administrative Review Act from decisions rendered by the Commissioner, pursuant to the powers and duties conferred upon him, the decisions shall be final and conclusive. It is possible that, under this statute, some, if not all, of the claims Rail N Ranch has attempted to bring would ultimately fail. However, we make no such determination as to each of the individual claims in this case. This court lacks jurisdiction to do so because of the Department's failure to file a cross-appeal. In order to dismiss these claims on the merits, we would have to modify the trial court's judgment, which did not dismiss on the merits. Rule 13(b)(3), Arizona Rules of Civil Appellate Procedure, provides in relevant part that "[t]he appellate court may direct that the judgment be modified to enlarge the rights of the appellee or to lessen the rights of the appellant only if the appellee has cross-appealed seeking such relief." In the absence of a cross-appeal, therefore, we have no jurisdiction to modify the judgment to reach the merits, which would impermissibly expand appellees' rights.

For the foregoing reasons, we affirm the judgment of the trial court dismissing Rail N Ranch's claims for lack of subject matter jurisdiction.

LANKFORD and CONTRERAS, JJ., concur.