137 Nev., Advance Opinion 26

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CITY OF HENDERSON, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE TIMOTHY C. WILLIAMS, DISTRICT JUDGE,
Respondents,
    and
SOLID STATE PROPERTIES, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Real Party in Interest.

No. 81474

FILED

JUN 24 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus challenging a district court order denying a motion to strike a petition for judicial review filed within an existing civil action.

*Petition granted.*

Nicholas G. Vaskov, City Attorney, and Wade B. Gochnour and Brandon P. Kemble, Assistant City Attorneys, Henderson,
for Petitioner.

Erickson & Whitaker PC and Brian C. Whitaker and Ryan B. Davis, Henderson,
for Real Party in Interest.

BEFORE THE SUPREME COURT, PARRAGUIRRE, STIGLICH, and SILVER, JJ.

*OPINION*

By the Court, STIGLICH, J.:

In this opinion, we consider whether a petition for judicial review of an administrative zoning decision pursuant to NRS 278.3195(4) may be filed within an existing civil suit. A petition for judicial review requests district court review of an administrative decision, while a civil action initiates litigation between two or more parties. Here, real party in interest Solid State Properties, LLC, sued petitioner City of Henderson for damages and other forms of civil relief related to the nonenforcement of a zoning decision. Later, after subsequent developments to the zoning decision, Solid State filed within that civil matter a document it titled "Amended Petition for Judicial Review" to challenge the zoning decision. The City moved to strike that document as improperly filed, which motion the district court denied. But because civil actions and judicial review proceedings are fundamentally different, such that they should not be filed together within the same docket, we conclude that the district court erred in denying the City's motion to strike the petition for judicial review. Accordingly, we grant the City's petition for a writ of mandamus.

*BACKGROUND*

Solid State's property abuts land owned by Eastgate, LLC, in Henderson. Eastgate obtained a conditional use permit (CUP) from the City of Henderson in order to lease its commercially zoned property to a charter school. Because the school creates significant traffic at the beginning and end of the school day, the CUP contained several provisions regarding the

queuing pattern on the road alongside both properties. But these provisions were not enforced, and tensions arose between Solid State and Eastgate.

Solid State sued the City in district court, seeking damages, injunctive relief, and attorney fees. The district court denied the injunction, but Solid State's other claims remained pending.

The Henderson City Council thereafter held further proceedings, reviewing and adopting the CUP with amendments. The parties dispute whether this action was an adoption of new amendments to the CUP or a finalization of the CUP for the first time. Regardless, Solid State filed a document within the existing civil action entitled "Amended Petition for Judicial Review" (the Amended Petition), in which it sought "judicial review of [the CUP] . . . and relief from the conditions imposed by the City through its grant of [the CUP]." Solid State grounded the petition in NRS 278.3195(4), which permits parties that are aggrieved by the land use decision of a governing body to file a petition for judicial review in the district court, provided they have already appealed within the governing body. Solid State had not previously petitioned for judicial review in any court.

The City moved to strike the Amended Petition on the ground that it was an improper attempt to file a new action within an existing matter. The City argued that the existing action was a trial-level civil action for damages and injunctive relief that could not properly be coupled with a new action for judicial review of an administrative decision.[1] The

---

[1]Further, the City argued that the Amended Petition did not comply with several court procedural rules, that it was not properly served, that Solid State did not pay a filing fee, and that petitions for judicial review could not be heard in business court, where the existing action was filed.

district court denied the City's motion and permitted the Amended Petition to proceed as part of the existing civil action. The City then filed the instant petition for a writ of mandamus, arguing that the district court improperly denied its motion to strike the Amended Petition and that writ relief is appropriate.

## DISCUSSION

### Writ relief is appropriate

This court has held that, generally, "judicial economy and sound judicial administration militate against the utilization of mandamus petitions to review orders denying motions to dismiss and motions for summary judgment."[2] *State ex rel. Dep't of Transp. v. Thompson*, 99 Nev. 358, 362, 662 P.2d 1338, 1340 (1983). However, "this court may exercise its discretion to consider such writ petitions when the district court is obligated to dismiss an action pursuant to clear authority under a statute or rule or when an important issue of law needs clarification and this court's review would serve considerations of public policy or sound judicial economy and administration." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 122 Nev. 132, 142, 127 P.3d 1088, 1096 (2006).

The issue of whether a party may file a petition for judicial review within a pending civil action is an issue of first impression for this court. As the law stands, Nevada litigants and judges lack guidance on this point. Therefore, we find it appropriate to entertain this writ petition in order to clarify Nevada law on this issue.

---

[2]While the district court's order was characterized as denying a motion to strike a filing in the civil action, the effect of denying that motion to strike was equivalent to denying a motion to dismiss the petition for judicial review.

*Standard of review*

"In the context of writ petitions," this court "review[s] district court orders for an arbitrary or capricious abuse of discretion." *Helfstein v. Eighth Judicial Dist. Court*, 131 Nev. 909, 913, 362 P.3d 91, 94 (2015). "However, we review questions of law . . . de novo, even in the context of writ petitions." *Id.* While the decision to deny the motion to strike was addressed to the district court's discretion, the ultimate question presented in this petition is one of law: whether a petition for judicial review may be filed within a preexisting civil case. Therefore, we review the district court's decision de novo.

*A petition for judicial review cannot be filed within an ongoing civil action*

NRS 278.3195(4) provides that a person who has administratively challenged the land use decision of a governing body and is aggrieved by the decision resolving that challenge may appeal in district court through filing a petition for judicial review. A petition for judicial review initiates a new action. *See* NRS 278.0235 (setting 25-day time limit to "commence[ ]" an action or proceeding for judicial review); NRCP 3 advisory committee's note to 2019 amendment ("As used in these rules, 'complaint' includes a petition or other document that initiates a civil action.").

Under NRS 278.0235, a petition for judicial review must be filed within 25 days after the date notice of the governing body's final action is filed. The Eighth Judicial District Court has specific procedural rules governing petitions for judicial review. Once the administrative record is transmitted to the court, although the EDCR do not specify when or how this happens, the petitioner has 21 days to file and serve a memorandum of points and authorities. EDCR 2.15(a). Then, the respondent to the petition serves and files a memorandum of points and authorities in opposition,

SUPREME COURT
OF
NEVADA



(O) 1947A

followed by the petitioner's reply points and authorities. EDCR 2.15(b)-(c). Only then may either party serve and file a notice for hearing. EDCR 2.15(d). These filings must conform to the guidelines for appellate briefs in Nevada Rule of Appellate Procedure (NRAP) 28. EDCR 2.15(e). In considering a petition for judicial review, the district court's task is to "review[ ] the agency record to determine whether the [agency's] decision is supported by substantial evidence." *Kay v. Nunez*, 122 Nev. 1100, 1105, 146 P.3d 801, 805 (2006).

Throughout the pendency of this matter, there has been confusion and contrary arguments about how, in fact, to characterize the filing by Solid State. It was labeled an "Amended Petition for Judicial Review," but it obviously cannot have been an *amended petition* when no previous petition had been filed. It appears that the document was either an amended pleading meant to supplant the original complaint or a first petition for judicial review of the city council's approval of the CUP and amendments. Given this ambiguity in the filing's title, we look to its content. Solid State cited to NRS 278.3195, which provides an aggrieved party the ability to appeal the land use decision of a governing body to the district court.[3] The filing did not comply with some requirements of a petition for judicial review,[4] but moreover, it complied with *none* of the

---

[3]NRS 278.3195 is not operative on its own, though it requires that "each governing body" *adopt* the provisions of the section. NRS 278.3195(1). Henderson has adopted such an ordinance. Henderson Municipal Code § 19.6.9.E (2020), https://www.cityofhenderson.com/home/showpublisheddocument/3987/637471869017200000.

[4]The Amended Petition, for example, requested a hearing (violating EDCR 2.15(d)) and was filed in business court (violating EDCR 1.61(b)(18)).

requirements for an amended pleading laid out in EDCR 5.208 and NRCP 15.

We conclude that the "Amended Petition for Judicial Review" was not an amended pleading that replaced the original civil complaint, but rather a first petition for judicial review of the city council's approval of the CUP with amendments. Accordingly, when the district court denied the City's motion to strike the filing, it permitted two matters to proceed together: a review of an administrative decision and a civil suit.

We have not yet addressed whether a judicial review action can be coupled with a civil action. In *Kay v. Nunez*, this court held that a petition for judicial review, not a petition for a writ of mandamus, is the proper mechanism to seek review of a city's zoning decision. 122 Nev. at 1105-06, 146 P.3d at 805. A few years later, in *City of Reno v. Citizens for Cold Springs*, 126 Nev. 263, 269-70, 236 P.3d 10, 14-15 (2010), we concluded that, under *Kay*, issues regarding compliance with the law when amending a master plan and adopting a rezoning ordinance were also properly pursued by way of petition for judicial review. In neither case, however, did we address whether a civil suit could proceed in the same docket with the judicial review petitions.

Civil actions and judicial review actions are distinct types of legal proceedings. As an initial matter, judicial review is statutorily created, and "[c]ourts have no inherent appellate jurisdiction over official acts of administrative agencies except where the legislature has made some statutory provision for judicial review." *Crane v. Cont'l Tel. Co. of Cal.*, 105 Nev. 399, 401, 775 P.2d 705, 706 (1989). Thus, the district court's role is entirely different in hearing a petition for judicial review, where the district court functions in a quasi-appellate role distinct from its usual role as a trial

court. *See* NRS 278.3195(4) (providing that a party aggrieved by a governing body's decision "may appeal that decision to the district court . . . by filing a petition for judicial review"). Second, the district court, when considering a petition for judicial review, is limited to a review of the "agency record." *Kay*, 122 Nev. at 1105, 146 P.3d at 805. On judicial review, the district court does not examine evidence produced in discovery or through witnesses, as it does throughout the proceedings in a civil case; the district court is expressly constrained to only consider the record of the challenged administrative decision. Third, when each type of case is on appeal before the appellate court, the standard of review differs for each. For civil actions, we review questions of law de novo and the district court's discretionary decisions for an abuse of discretion. When reviewing dispositions of petitions for judicial review, "this court's function is *the same as the district court*: to determine, based on the administrative record, whether substantial evidence supports the *administrative decision*." *Id.* (emphases added).

While we have not yet addressed whether these two kinds of matters can be combined, caselaw from other jurisdictions provides persuasive guidance. For example, the Idaho Supreme Court found that "a petition for judicial review of a road-validation decision of a local governing board is a distinct form of proceeding and cannot be brought as a pleading or motion within an underlying civil lawsuit." *Cobbley v. City of Challis*, 139 P.3d 732, 735 (Idaho 2006). The proceedings must be kept separate, and not "conglomerated," because "one proceeding is appellate in nature and the other is an original action." *Euclid Ave. Tr. v. City of Boise*, 193 P.3d 853, 856 (Idaho 2008). The Arizona Supreme Court concluded that a private cause of action cannot be joined with a request for judicial review as a

cross-claim or counterclaim because judicial review is limited in scope compared to a civil action, which does not have the same statutory limitations. *Madsen v. Fendler*, 626 P.2d 1094, 1096-98 (Ariz. 1981); *see also Rail N Ranch Corp. v. Hassell*, 868 P.2d 1070, 1075-76 (Ariz. Ct. App. 1994). And the Tennessee Court of Appeals has "heartily condemn[ed]" the joinder of an appeal of a government action and an original action at a trial court level. *Goodwin v. Metro. Bd. of Health*, 656 S.W.2d 383, 386 (Tenn. Ct. App. 1983) ("The necessity of a separation of appellate review of a matter and trial of another matter ought to be self evident. In the lower [c]ourt one is reviewed under the appropriate [a]ppellate rules and the other is tried under trial rules. . . . Like water and oil, the two will not mix.").

Similarly, we now hold that petitions for judicial review of land use decisions pursuant to NRS 278.3195 are distinct from civil actions, and as such, they cannot be joined together. To conclude otherwise would allow confusingly hybrid proceedings in the district courts, wherein the limited appellate review of an administrative decision would be combined with broad, original civil trial matters. Thus, Solid State could not initiate judicial review proceedings within the existing civil action against the City, and the district court erred in denying the City's motion to strike the Amended Petition.

## CONCLUSION

We clarify that it is improper to combine (whether from the outset or through a later filing) a petition for judicial review with a related civil action. These actions are too dissimilar for a court to be tasked with balancing both trial and appellate functions in a way that does not lead each to bleed into the other. Further, allowing both matters to proceed together would create a convoluted appellate record for either decision. We therefore

Supreme Court
OF
Nevada

(O) 1947A

9

grant the City's petition and direct the clerk of this court to issue a writ of mandamus instructing the district court to strike the Amended Petition from this docket.[5]

_____Stiglich_____, J.
Stiglich

We concur:

_____Parraguirre_____, J.
Parraguirre

_____Silver_____, J.
Silver

_____

[5]In light of the previously unsettled law on this issue, nothing in this opinion prevents the court from also transferring the amended petition into a new docket if deemed warranted.