STATE of Wisconsin, Plaintiff-Respondent,

v.

Zdzislaw PAWLOW, Defendant-Appellant.

Court of Appeals

*No. 80–114. Submitted on briefs August 11, 1980.—*
*Decided September 15, 1980.*
(Also reported in 298 N.W.2d 220.)

For the defendant-appellant the cause was submitted on the briefs of *Gregory J. Rogaczewski* of Milwaukee.

For the plaintiff-respondent the cause was submitted on the brief of *Michael E. McCann,* district attorney, with whom on the brief was *Christopher Foley,* assistant district attorney.

Before Decker, C.J., Moser, P.J., and Cannon, J.

DECKER, C.J.   On October 24, 1979, appellant Zdzislaw Pawlow was arrested at 11:20 p.m. by Milwaukee police for driving while intoxicated, and was conveyed to a district station. Pawlow was advised of Wisconsin's implied consent statute, sec. 343.305, Stats., and requested to take a breathalyzer test. He consented to giving a breath sample. As the breathalyzer was being prepared for the test, Pawlow fell asleep. He was awakened

to take the test at 12:25 a.m. Pawlow vomited and the test was delayed until 12:40 a.m. The officer then requested a urine test.[1] When the officer decided to administer a urine test instead of a breathalyzer test and requested a urine sample, Pawlow refused. The officer then prepared the required intent to revoke forms, culminating in revocation of appellant's operating privileges on January 10, 1980. Appellant contends that because he consented to the test first designated by the officer, there was no unreasonable refusal warranting revocation of his operating privileges. We disagree and affirm.

Appellant makes much of the provision in sec. 343.305 (1), Stats., that the arresting law enforcement agency "may designate which of the tests shall be administered first," and argues that although this provision does not require the agency to make such a designation, once it has done so, it has made an irrevocable election and, absent good cause, cannot subsequently designate a different first test.

Wisconsin's implied consent statute must be construed as a whole in light of its policy, "to facilitate the taking of tests for intoxication *and not to inhibit the ability of the state to remove drunken drivers from the highway."* *Scales v. State,* 64 Wis.2d 485, 494, 219 N.W.2d 286, 292 (1974) [emphasis added]. "Because the clear policy of the statute is to facilitate the identification of drunken drivers and their removal from the highways, the statute

[1] Wis. Adm. Code, sec. MVD 25.05 provides that the test is improperly performed if the person tested vomits within twenty minutes before the test is administered. Sec. 885.235(1), Stats., provides that a chemical test for intoxication must be administered within two hours after the alleged operation of the vehicle while under the influence of an intoxicant. Although the police officer did not testify to the reason for changing from one test to the other, we think it fair to infer, as did the trial court, that the change in the requested test was the cautious result of the combination of the regulations and circumstances.

must be construed to further the legislative purpose." *State v. Neitzel,* 95 Wis.2d 191, 193, 289 N.W.2d 828, 830 (1980).

Section 343.305, Stats., states that any driver in Wisconsin is deemed to have given consent to tests of his or her "breath, blood or urine," and that "[a]ny such test shall be administered upon the request of a law enforcement officer." Appellant's narrow reading of the statute ignores the language and policy of the statute as a whole. The provision allowing the arresting agency to designate which test shall be first administered operates to dispel any notion that the arrested driver may choose which test he or she must take. It does not create an irrevocable election binding on the agency, and does not prohibit the request of additional or different tests. *See Suspension of Operating Privilege of Bardwell,* 83 Wis. 2d 891, 896, n. 2, 266 N.W.2d 618, 620, n. 2 (1978).

*By the Court.*—Order affirmed.