779 P.2d 362

**Lelyn James BRAUN, Plaintiff–Appellee,**

v.

**MOTOR VEHICLE DIVISION; DEPARTMENT OF TRANSPORTATION; STATE OF ARIZONA, Defendant–Appellant.**

**No. 1 CA–CV 88–281.**

Court of Appeals of Arizona, Division 1, Department C.

Sept. 12, 1989.

Robert K. Corbin, Atty. Gen. by Leonardo Ruiz, Asst. Atty. Gen., Transp. Div., Phoenix, for defendant-appellant.

Raleigh W. Johnson, Monett, Mo., for plaintiff-appellee.

OPINION

CLABORNE, Judge.

This case is on appeal from a review of a decision of the Arizona Department of Transportation, Motor Vehicle Division, by the Superior Court of Navajo County. We have jurisdiction pursuant to A.R.S. §§ 12–120.21(A)(1), 12–913 and 12–2101(B).

The principal issue raised is whether A.R.S. § 28–691, Arizona's "Implied Consent Statute," grants an arresting officer discretion to determine which chemical sobriety test to offer an operator of a motor vehicle arrested for driving while under the influence of intoxicating liquor or whether the statute obligates the officer to follow

the internal policy of his or her law enforcement agency. Specifically, we must decide whether a refusal by an operator of a motor vehicle to submit to a blood test is a refusal within the meaning of the statute when the internal policy of the arresting officer's agency provides that a breath test is to be offered first and no such test was offered. We find that it is a refusal within the meaning of the statute, and reverse the decision of the superior court.

The events leading up to this appeal began on February 6, 1987 when appellee was stopped by Officer Davis of the Department of Public Safety for exceeding the posted speed limit. Appellee, a resident of Garden City, Kansas, was enroute from Garden City to Phoenix, Arizona, with his wife when he was stopped. Because of appellee's appearance and his poor performance on several field sobriety tests, Officer Davis arrested appellee for driving while under the influence of intoxicating liquor. While transporting appellee to the Holbrook Police Station for a Breathalyzer test, Officer Davis inquired by radio concerning the operating condition of the intoxilyzer machine. Officer Stanton responded that he (Stanton) had difficulty with the machine the night before, but he did not specify the precise nature of the problem.

Based upon Officer Stanton's response, Officer Davis transported appellee to the Holbrook Hospital for a blood test. When they arrived at the hospital, Officer Davis read four paragraphs of A.R.S. § 28–691 to appellee. He then requested appellee to submit to a blood test. Appellee refused. Based upon the refusal the Arizona Department of Transportation, Motor Vehicle Division (department), suspended appellee's driver's license for twelve months as required by A.R.S. § 28–691.

Appellee requested and was granted an administrative hearing pursuant to A.R.S. § 28–691(E). The hearing officer concluded that the evidence supported the department's decision, finding that:

1. The Officer had reasonable grounds to believe that Petitioner had been driving while under the influence of intoxicating liquor.

2. Petitioner was placed under arrest.

3. Petitioner was requested by the Officer to submit to a [blood] test to determine the alcoholic content of his blood.[1]

4. Petitioner was warned by the Officer that a refusal to submit to the designated test will result in the suspension of his driver's license or driving rights.

5. Petitioner refused to take the test.

Dissatisfied with the hearing officer's decision, appellee filed a petition for review in the Superior Court of Navajo County pursuant to A.R.S. § 28–691(F). In his petition, appellee contended that the decision of the department was in error and contrary to law. The trial court agreed and reversed the department's decision, reinstating appellee's driver's license. The appellant filed a notice of appeal bringing the matter before this court.

Appellant's principal contention on appeal is that an arresting officer has discretion under A.R.S. § 28–691 concerning which chemical sobriety test to offer an operator of a motor vehicle arrested for driving under the influence. Appellee, on the other hand, contends the statute obligates the officer to follow the internal policy of his or her agency when offering a chemical sobriety test to a driver under A.R.S. § 28–691.

The chemical sobriety tests prescribed by A.R.S. § 28–691 are those of blood, breath or urine. The statute provides in relevant part:

A. Any person who operates a motor vehicle within this state gives his consent, subject to the provisions of § 28–692, to a test or tests of his blood, breath or urine for the purpose of determining the alcoholic or drug content of his blood if arrested for any

1. The written order and decision of the hearing office contains the word "breath" rather than the word "blood." We feel that this is a clerical error and of no significance to the matter before us.

offense arising out of acts alleged to have been committed in violation of this chapter while the person was driving or in actual physical control of a motor vehicle while under the influence of intoxicating liquor or drugs. The test or tests chosen by the law enforcement agency shall be administered at the direction of a law enforcement officer having reasonable grounds to believe the person to have been driving or in actual control of a motor vehicle within this state while under the influence of intoxicating liquor or drugs.

B.   Following an arrest a violator shall be requested to submit to any test prescribed by subsection A of this section, and if the violator refuses he shall be informed that his license or permit to drive will be suspended or denied if he refuses to submit to the test.

.      .      .      .      .

D.   If a person under arrest refuses to submit to a test designated by the law enforcement agency as provided in subsection A of this section, none shall be given except pursuant to § 28–692, subsection M.

Appellee relies on the language of the statute allowing the law enforcement agency to designate which test or tests to administer. Because the internal policy of the Department of Public Safety is to offer a breath test first, and if unavailable then to offer a blood test, appellee argues that A.R.S. § 28–691 obligates the agency's police officers to offer an arrested driver a breath test. Since he was not offered a breath test, appellee reasons his refusal to submit to a blood test was not a refusal within the meaning of the Implied Consent Statute.

The Wisconsin Court of Appeals had before it a similar issue. In *State v. Pawlow*, 98 Wis.2d 703, 298 N.W.2d 220 (App.1980), appellant Pawlow was arrested for driving

under the influence and requested to submit to a breath test. *Id.* at 704, 298 N.W.2d at 221. Pawlow agreed to submit to the requested test, but before it could be administered he vomited. *Id.* The officer then requested Pawlow to submit to a urine test. *Id.* Pawlow refused and his driving privileges were revoked. *Id.*

On appeal, Pawlow contended the provision of Wisconsin's Implied Consent Statute allowing the arresting law enforcement agency to designate which test to administer created an irrevocable election binding on the agency once the designation was made. *Id.* Because he consented to the test first designated by the officer, Pawlow reasoned there was no unreasonable refusal warranting revocation of his operating privileges. *Id.* The court disagreed, holding that the provision of its Implied Consent Statute allowing the arresting agency to designate which test to administer first "does not create an irrevocable election binding on the agency, and does not prohibit the request of additional or different tests." *Id.* at 705, 298 N.W.2d at 222.

■ Likewise, the provision of A.R.S. § 28–691 allowing the law enforcement agency to designate and choose which test or tests to administer does not, through the agency's internal policy, create an irrevocable election binding the agency as to which test is to be offered first. The statute clearly allows a law enforcement agency to designate more than one test which may be administered under A.R.S. § 28–691. Once it does so, nothing in the statute mandates the order in which the tests are offered.[2] An officer who violates the internal policy of his or her agency may be required to explain that action to his superiors, but such a violation does not involve A.R.S. § 28–691.

■ Whether an arresting officer is permitted to select a chemical sobriety test prescribed in A.R.S. § 28–691(A) that has not been designated by the officer's agency

2.   The legislative history to A.R.S. § 28–691 clearly supports this view. Prior to its amendment in 1982, A.R.S. § 28–691(A) provided that: The law enforcement agency which such officer represents shall designate which of such tests shall be administered, however only the breath test shall be administered in all cases except where circumstances preclude its use. The latter language was deleted by Laws 1982, Ch. 234, § 6.

is not before this court and we do not decide that issue in this opinion. We only hold that where, as here, a law enforcement agency has selected more than one test as proper under A.R.S. § 28–691, the statute does not condition the application of suspension on whether the arresting officer has followed the internal policy of his or her agency in deciding which test to offer first.[3]

Accordingly, for the foregoing reasons, the decision of the superior court is reversed and the decision of the Department of Transportation, Motor Vehicle Division, suspending appellee's driver's license is reinstated.

SHELLEY, P.J., and VOSS, J., concur.

---

**3.** We note that even if we were to adopt appellee's position that the statute requires an arresting officer to follow the internal policy of his agency in administering chemical sobriety tests, we are not prepared to say that under the facts of this case the arresting officer violated his agency's policy. As testified to by Officer Davis, the policy of the Department of Public Safety is to offer a breath test first. If, for some reason, the breath test is unavailable, the officer is to then offer a blood test. Officer Davis testified that he inquired as to the operating condition of the intoxilyzer machine at the Holbrook Police Station. He received a response from Officer Stanton that he had difficulty with the machine the night before. What more may be required of an arresting officer in checking on the availability of a breath test we do not know nor is it something about which we care to speculate.

