IN THE

# ARIZONA COURT OF APPEALS
DIVISION TWO

---

NICHOLAS A. SVENDSEN,
*Plaintiff/Appellee,*

*v.*

ARIZONA DEPARTMENT OF TRANSPORTATION,
MOTOR VEHICLE DIVISION,
*Defendant/Appellant.*

No. 2 CA-CV 2013-0143
Filed April 30, 2014

---

Appeal from the Superior Court in Pima County
No. C20130044
The Honorable Carmine Cornelio, Judge

**REVERSED**

---

COUNSEL

Nesci & St. Louis, PLLC, Tucson
By James Nesci
*Counsel for Plaintiff/Appellee*

Thomas C. Horne, Arizona Attorney General, Phoenix
By Misty D. Guille, Assistant Attorney General, Phoenix
*Counsel for Defendants/Appellants*

---

**OPINION**

Judge Eckerstrom authored the opinion of the Court, in which Presiding Judge Kelly and Judge Espinosa concurred.

---

E C K E R S T R O M, Judge:

**¶1**　　　　Appellant Arizona Department of Transportation ("the department") appeals from the superior court's order reversing the administrative suspension of appellee Nicholas Svendsen's driver's license.  For the following reasons, we reverse the superior court and reinstate the suspension.

## Factual and Procedural Background

**¶2**　　　　We view the evidence in the administrative record in the light most favorable to upholding the decision of the administrative law judge (ALJ).  *Tornabene v. Bonine*, 203 Ariz. 326, ¶ 2, 54 P.3d 355, 358 (App. 2002).  In April 2012, Officer Bobby Nielsen of the Tucson Police Department stopped Svendsen for speeding.  During the stop, the officer noticed several indications that Svendsen might be intoxicated, including watery and bloodshot eyes, a flushed face, a smell of intoxicants on his breath and person, slurred speech, and difficulty standing and walking.  After performing field sobriety tests, Officer Nielsen arrested Svendsen and advised him of his *Miranda*[1] rights.  He then read Svendsen an Admin Per Se/Implied Consent Affidavit form.  The officer asked if Svendsen would submit to a breath test, and Svendsen did not respond.  Nielsen made several attempts to explain the form to Svendsen and still received no verbal or physical response.  Another officer also attempted to solicit a response from Svendsen, but likewise received no verbal or physical answer.  The only physical response Svendsen gave was to spit out his gum when asked.

**¶3**　　　　Officer Nielsen told Svendsen that he was not entitled to further delay and that such would be considered refusal, and asked again if he would take the breath test.  Svendsen still did not respond.  Svendsen's license was suspended for refusing to consent

---

[1]*Miranda v. Arizona*, 384 U.S. 436 (1966).

to a breath test pursuant to Arizona's implied consent statute, A.R.S. § 28-1321.[2]

**¶4**       Svendsen requested a hearing to review the order of suspension. After that hearing, the ALJ affirmed the suspension. Svendsen appealed to the superior court, which reversed the suspension. This appeal followed.

## Jurisdiction

**¶5**       The right of appeal exists only as provided by statute, and this court has an independent duty to confirm whether we have jurisdiction over a case. *Meyer v. Campbell*, 13 Ariz. App. 601, 601, 480 P.2d 22, 22 (1971) (per curiam). We accepted supplemental briefs from the parties in this case addressing whether the department has a statutory right of appeal to this court.

**¶6**       Section 28-1321(M) provides, in relevant part: "Within thirty days after a suspension order is sustained, the affected person may file a petition in the superior court to review the final order of suspension or denial by the department in the same manner provided in [A.R.S.] § 28-3317." The latter statute provides, in pertinent part:

> Unless the cancellation or revocation is mandatory under this chapter, a person who is denied a license or whose license is canceled, suspended or revoked by the department may seek judicial review pursuant to [the Administrative Review Act (ARA), A.R.S. §§ 12-901 through 12-914], except that § 12-910, subsections A, B, D and E do not apply.

§ 28-3317(A).

---

[2]Unless otherwise indicated, we cite to the current version of the statute, which has not changed in material part since Svendsen's license was suspended.

**¶7**        The department first asserts that we have jurisdiction over its appeal from the superior court pursuant to A.R.S. § 12-2101(A)(1).  *See Forino v. Ariz. Dep't of Transp.*, 191 Ariz. 77, 79, 952 P.2d 315, 317 (App. 1997) (listing formerly numbered provision among grounds for appellate jurisdiction); *Ricard v. Ariz. Dep't of Transp.*, 187 Ariz. 633, 635, 931 P.2d 1143, 1145 (App. 1997) (same); *Diaz v. Ariz. Dep't of Transp.*, 186 Ariz. 59, 61, 918 P.2d 1077, 1079 (App. 1996) (same); *Braun v. Motor Vehicle Div.*, 161 Ariz. 487, 487, 779 P.2d 362, 362 (App. 1989) (same).[3]  That subsection, however, grants a right of appeal in an action or special proceeding "commenced in a superior court, or brought into a superior court from any other court."   § 12-2101(A)(1).   Section 28-3317(B) designates the review proceeding in the superior court an "appeal[]."   As our supreme court aptly observed, "[t]he nature of the appeal to the court . . . logically contemplates a prior proceeding to be reviewed—an administrative hearing."  *Campbell v. Chatwin*, 102 Ariz. 251, 258, 428 P.2d 108, 115 (1967).  Thus, an appeal to the superior court does not originate or commence there.  *Stant v. City of Maricopa Emp. Merit Bd.*, 234 Ariz. 196, ¶ 8, 319 P.3d 1002, 1005 (App. 2014).  This is true regardless of the scope of review undertaken in the superior court and regardless of whether the proceeding there begins with the filing of a "complaint."  *Anderson v. Valley Union High Sch., Dist. No. 22*, 229 Ariz. 52, ¶ 4, 270 P.3d 879, 882 (App. 2012).  Even when an appeal involves a trial de novo, the superior court is still functioning in an appellate capacity, meaning the action does not originate or commence in that court for purposes of our own appellate jurisdiction.  *Id.*; *State v. Eby*, 226 Ariz. 179, ¶ 5, 244 P.3d 1177, 1179 (App. 2011); *see Duncan v. Truman*, 74 Ariz. 328, 331, 248 P.2d 879, 881-82 (1952); *see also Ariz. Dep't of Rev. v. Navopache Elec. Co-op, Inc.*, 151 Ariz. 318, 321-22, 727 P.2d 813, 816-17 (App. 1986) (distinguishing superior court's appellate and original jurisdiction).

---

[3]The former § 12-2101(B) was renumbered § 12-2101(A)(1) in 2011.  *Anderson v. Valley Union High Sch., Dist. No. 22*, 229 Ariz. 52, n.1, 270 P.3d 879, 881 n.1 (App. 2012).

**¶8**		The department is correct, however, that an appeal lies to this court under § 12-913 of the ARA. *See State ex rel. Ross v. Nance*, 165 Ariz. 286, 287, 789 P.2d 1295, 1296 (1990). Although Svendsen contends the department has no right of appeal, this position is no longer correct in light of changes to our code. But because we have discovered no precedent that expressly and clearly establishes the existence of appellate jurisdiction under our current implied consent law, *see Anderson*, 229 Ariz. 52, ¶ 6, 270 P.3d at 882, we believe further discussion on the topic is warranted.

**¶9**		Our original implied consent statute was enacted in 1969 and codified in A.R.S. § 28-691. 1969 Ariz. Sess. Laws, ch. 41, § 1. It provided a right of appeal by referring to the former A.R.S. § 28-451, which granted a person whose license had been suspended the right to "a hearing in the matter in the superior court." 1973 Ariz. Sess. Laws, ch. 146, § 17, *repealed by* 1980 Ariz. Sess. Laws, ch. 231, § 29; 1951 Ariz. Sess. Laws, ch. 115, § 29 (former Ariz. Code Ann., § 66-283 (1939) (Supp. 1952)). Our supreme court determined "the appeal provided for in this statute was adopted with the intent of actually providing a trial de novo" in the superior court. *Chatwin*, 102 Ariz. at 257, 428 P.2d at 114.

**¶10**		The ARA "is not complementary to other statutory review proceedings and if any independent statutory review is provided, the Administrative Review Act is not applicable." *Sarwark v. Thorneycroft*, 123 Ariz. 1, 4, 596 P.2d 1173, 1176 (App. 1979), *approved per curiam*, 123 Ariz. 23, 23, 597 P.2d 9, 9 (1979). Section 12-902(A)(1) still specifies that the ARA does not apply when a statute that "confer[s] power on an agency . . . provides for judicial review of the agency decisions and prescribes a definite procedure for the review." Based on this provision, we therefore found a right of appeal exclusively to the superior court under these prior implied consent and appeal laws, which made no reference to the ARA. *Sarwark*, 123 Ariz. at 4, 596 P.2d at 1176; *Campbell v. Superior Court*, 18 Ariz. App. 216, 216-17, 501 P.2d 57, 57-58 (1972); *Meyer*, 13 Ariz. App. at 602, 480 P.2d at 23.[4]

---

[4]During this period the Arizona Supreme Court apparently took inconsistent positions on the question of appellate jurisdiction.

¶11 In 1980, however, the legislature amended a number of laws concerning administrative appeals, including the aforementioned implied consent and appeal statutes. The legislature explained: "The purpose of this act is to regularize the procedure whereby administrative decisions are judicially reviewed by prescribing that appeals from certain administrative decisions are to be governed by the administrative review act." 1980 Ariz. Sess. Laws, ch. 231, § 1. As amended, the statute governing implied consent appeals, § 28-451, provided that a person whose license had been suspended "shall have the right to seek judicial review of such action pursuant to title 12, chapter 7, article 6," or the ARA. 1980 Ariz. Sess. Laws, ch. 231, § 30. In light of this change, we expressly acknowledged our appellate jurisdiction in a number of implied consent cases. *E.g.*, *Forino*, 191 Ariz. at 79, 952 P.2d at 317; *Miernicki v. Ariz. Dep't of Transp.*, 183 Ariz. 542, 543, 905 P.2d 551, 552 (App. 1995); *Braun*, 161 Ariz. at 487, 779 P.2d at 362.

¶12 In 1996, the legislature deviated somewhat from this policy of ARA regularization, but lawmakers did not expressly or effectively eliminate the right of appeal to this court; that is, they created no "definite procedure for . . . review" within the meaning of § 12-902(A)(1).[5] That year, an amendment to § 28-451 changed some language concerning implied consent appeals and exempted some newly enacted procedural provisions of § 12-910 of the ARA,

---

*Compare State v. Birmingham*, 95 Ariz. 310, 311, 316, 390 P.2d 103, 103, 107 (1964) (characterizing appeal as special proceeding commenced in superior court), *modified on reh'g*, 96 Ariz. 109, 113, 392 P.2d 775, 777-78 (1964), *with Sarwark*, 123 Ariz. at 3, 596 P.2d at 1175 (emphasizing administrative decisions not subject to review under statute allowing appeals "in an action or special proceeding commenced in a superior court"), *and Him Poy Lim v. Duncan*, 65 Ariz. 370, 371, 372-73, 181 P.2d 357, 358, 359 (1947) (finding statutory appeal not commenced in superior court).

[5] The parties both contend that the newly amended § 12-902(A)(2) found in 2012 Ariz. Sess. Laws, ch. 322, § 2, does not apply to this case. We need not address the meaning or applicability of that subsection in this decision.

specifically subsections (A), (B), (D), and (E).  *See* 1996 Ariz. Sess. Laws, ch. 102, §§ 16, 23.  In effect, this amendment made implied consent appeals governed by the previous version of § 12-910.  *See* 1996 Ariz. Sess. Laws, ch. 102, § 23; 1980 Ariz. Sess. Laws, ch. 72, § 1.  These changes to § 28-451 were then incorporated into the renumbered A.R.S. § 28-3317, with some stylistic alterations.  *See* 1997 Ariz. Sess. Laws, ch. 1, § 213; *Koller v. Ariz. Dep't of Transp.*, 195 Ariz. 343, n.3, 988 P.2d 128, 130 n.3 (App. 1999) ("[T]he two sections are substantively identical.").  The general right of appeal found in § 12-913 of the ARA, therefore, remains in place under the terms of the current § 28-3317(A).

**¶13**        The language of § 12-913 provides:  "The final decision, order, judgment or decree of the superior court entered in an action to review a decision of an administrative agency may be appealed to the supreme court."   Despite this allowance of an appeal to the "supreme court," the statute has been construed as also allowing an appeal to the court of appeals, which was created after § 12-913 was enacted.  *See J.H. Welsh & Son Contracting Co. v. Ariz. State Tax Comm'n*, 4 Ariz. App. 398, 400-01, 420 P.2d 970, 972-73 (1966) (finding appellate jurisdiction when no "clear intent to the contrary appears" in statute); *see also Ariz. Podiatry Ass'n v. Dir. of Ins.*, 101 Ariz. 544, 547-48, 422 P.2d 108, 111-12 (1966) (observing jurisdiction of court of appeals generally concurrent with that of supreme court); *Curtis v. Richardson*, 212 Ariz. 308, ¶ 7, 131 P.3d 480, 483 (App. 2006) (finding appellate jurisdiction based partly on appeals transfer statute, A.R.S. § 12-120.22(A)).  We therefore conclude we have jurisdiction over the present appeal under § 12-913 of the ARA, as we implicitly assumed in *Koller*, 195 Ariz. 343, ¶¶ 5-7, 988 P.2d at 129-30. *See* A.R.S. § 12-120.21(A)(1) (providing appellate jurisdiction for cases "permitted by law to be appealed from the superior court").

### License Suspension

**¶14**        When determining whether a license should be suspended under our implied consent statute, the ALJ considers only whether:

1. A law enforcement officer had reasonable grounds to believe that the person was driving or was in actual physical control of a motor vehicle in this state either:

(a) While under the influence of intoxicating liquor or drugs.

(b) If the person is under twenty-one years of age, with spirituous liquor in the person's body.

2. The person was placed under arrest.

3. The person refused to submit to the test.

4. The person was informed of the consequences of refusal.

§ 28-1321(K). On review, the superior court is limited to the same issues. *Madsen v. Fendler*, 128 Ariz. 462, 466, 626 P.2d 1094, 1098 (1981); *see Berry v. Ariz. State Land Dep't*, 133 Ariz. 325, 326, 651 P.2d 853, 854 (1982) ("If the administrative agency has no jurisdiction to consider a question, the appellate court has none, even if the question would have come within the court's original jurisdiction."). The standard of review to be applied by the court depends upon the nature of its record on review. That record may be (1) limited to the existing administrative record and "all questions of law and fact presented" by it, § 28-3317(C); (2) enlarged, in the court's discretion, to include additional evidence admitted in the interests of "justice," *id.*; or (3) established through a trial de novo, but only when warranted by the circumstances, *see* §§ 12-910(C), 28-3317(A). *See generally Foote v. Gerber*, 85 Ariz. 366, 372, 339 P.2d 727, 730 (1959) (noting three ways review could be accomplished under former ARA § 12-910).

¶15 Where, as here, the superior court's review is based solely on the administrative record, with no additional evidence

being presented, then "[t]he scope of the Superior Court's review is limited to deciding whether the administrative action was illegal, arbitrary, capricious, or involved an abuse of discretion." *Schade v. Ariz. State Ret. Sys.*, 109 Ariz. 396, 398, 510 P.2d 42, 44 (1973). On appeal, we undertake the same legal determination. *State ex rel. Winkleman v. Ariz. Navigable Stream Adjudication Comm'n*, 224 Ariz. 230, ¶ 13, 229 P.3d 242, 249 (App. 2010).

**¶16** Svendsen claims the ALJ erred in finding that he refused to consent to the breath test. We will not reverse an agency's decision unless it is unsupported by substantial evidence, and if the evidence supports two inconsistent factual conclusions, there is substantial evidence to support either. *Smith v. Ariz. Dep't of Transp.*, 146 Ariz. 430, 432, 706 P.2d 756, 758 (App. 1985). Specifically, Svendsen asserts that, although he remained silent, his conduct was sufficient to show that he expressly consented to the breath test. Svendsen further claims that his silence cannot be taken as refusal to consent because he remained silent pursuant to his *Miranda* rights.

**¶17** Section 28-1321(B) requires that a person "expressly agree" to submit to a test. Although express agreement may be given by "words or conduct," "[f]ailing to actively resist or vocally object to a test does not itself constitute express agreement." *Carrillo v. Houser*, 224 Ariz. 463, ¶ 19, 232 P.3d 1245, 1248-49 (2010). The ALJ found, and the superior court agreed, "there are not sufficient facts upon which [a] finding [of express non-verbal agreement] could be made."[6]

---

[6]The superior court, although agreeing that Svendsen had not given express consent, nonetheless reversed the suspension of his license, finding the combination of *Miranda* and admin per se warnings was inadequate because it failed to inform Svendsen that his right to remain silent did not apply to the "implied consent/breath law." Although the trial court's thorough minute entry raises a non-trivial concern, the adequacy of the two warnings was not raised to the ALJ and therefore was not properly before the superior court on appeal. *See Madsen*, 128 Ariz. at 466, 626 P.2d at 1098 (superior court limited to questions properly raised before

¶18 As evidence that he expressly consented to the test, Svendsen relies on his own uncontroverted testimony that if he had been ordered to begin the breath test, he would have done so.[7] But had the officers ordered Svendsen to begin the test, he would have been placed in the position of having to "actively resist or vocally object" to avoid compliance. *Id.* Svendsen argues that § 28-1321 "imposes consent on him" and therefore requires a defendant "to take affirmative steps to vitiate that consent." This argument is in direct contrast with the statutory language requiring "express" agreement and our supreme court's language in *Carrillo*. "[T]o satisfy the statutory requirement, the arrestee must unequivocally manifest assent to the testing," *Carrillo*, 224 Ariz. 463, ¶ 19, 232 P.3d at 1249, and "'[a]nything substantially short of an unqualified, unequivocal assent to an officer's request . . . [to] take the test constitutes a refusal to do so.'" *Smith*, 146 Ariz. at 432, 706 P.2d at 758, *quoting State v. Pandoli*, 262 A.2d 41, 42 (N.J. Super. Ct. App. Div. 1970). Accordingly, Svendsen's testimony that he would have complied with an order to begin the test does not show that he expressly consented.

¶19 Svendsen also argues his silence cannot be taken as a refusal to submit to the breath test because such silence was his right under the Fifth Amendment. But the Fifth Amendment does not apply to non-testimonial evidence, *State v. Thornton*, 187 Ariz. 325, 331, 929 P.2d 676, 682 (1996), and "refusal to take a chemical breath test is not testimonial evidence." *State v. Superior Court*, 154 Ariz. 574, 578, 744 P.2d 675, 679 (1987). Furthermore, the Fifth

---

administrative hearing). Moreover, in his answering brief to this court, Svendsen expressly disavowed this reasoning as a basis for affirming the superior court's ruling.

[7] At the administrative hearing and in the superior court, Svendsen argued that his act of spitting out the gum showed that "he physically complied with the requirements for a breath test." Both the ALJ and the court properly rejected this claim, with the court noting "[t]he facts are not that he did so after being told that this was the start of the test and its 'deprivation' period. The facts are he was asked to remove the gum and he did."

Amendment's protection against self-incrimination is limited to criminal consequences, *United States v. Ward*, 448 U.S. 242, 248 (1980), but a license suspension pursuant to our implied consent law is a civil proceeding. *Campbell v. Superior Court*, 106 Ariz. 542, 550, 479 P.2d 685, 693 (1971). Thus, Svendsen's Fifth Amendment right to remain silent did not apply when he was asked to consent to the test.

¶20 Given that Svendsen was asked several times whether he would submit to the breath test and never gave any answer, either by word or conduct, substantial evidence supported the ALJ's finding that Svendsen did not "expressly agree" to the test. § 28-1321(B). Accordingly, we must uphold the agency's decision.[8]

**Disposition**

¶21 For the foregoing reasons, the judgment of the superior court is reversed, the judgment of the ALJ is affirmed, and the suspension of Svendsen's license is reinstated.

---

[8]In his answering brief, Svendsen requests oral argument in this matter. However, a request for argument must be filed in a "separate instrument" within "ten (10) days after the date the reply brief is due or filed," whichever is earlier. Ariz. R. Civ. App. P. 18. Svendsen failed to use a separate instrument, and we therefore deny the request. *See Stant*, 234 Ariz. 196, n.7, 319 P.3d at 1008 n.7.