NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JAMES MARTIN HOUSTON, *Petitioner/Appellant*,

*v.*

ARIZONA STATE BOARD OF EDUCATION, a political subdivision of
the STATE OF ARIZONA, *Respondent/Appellee*.

No. 1 CA-CV 15-0706
FILED 1-5-2017

Appeal from the Superior Court in Maricopa County
No. LC2013-000672-001
The Honorable David B. Gass, Judge

**AFFIRMED**

COUNSEL

James Martin Houston, Roseburg, OR
*Petitioner/Appellant In Propria Persona*

Arizona Attorney General's Office, Phoenix
By Jordan T. Ellel
*Counsel for Respondent/Appellee*

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which
Presiding Judge Patricia K. Norris and Judge Samuel A. Thumma joined.

**D O W N I E**, Judge:

¶1        James Martin Houston appeals the superior court's judgment affirming a final decision by the Arizona State Board of Education ("Board").  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY[1]

¶2        The Arizona Department of Education ("ADE") issued Houston a substitute teaching certificate in 1986.  The certificate initially included no expiration date, though it was later reissued with an expiration date of 2099.

¶3        In 2008, the Board denied Houston's application for a special education teaching certificate based on findings he had engaged in unprofessional conduct.  Specifically, the Board cited three driving under the influence convictions, as well as convictions for disorderly conduct, unlawful possession of a firearm, and phone harassment.  Houston sought review of that decision in the superior court, but his action was dismissed after he failed to timely file an opening brief despite receiving several extensions of time.  *Houston v. State Bd. of Educ.*, 1 CA-CV 10-0634, 2011 WL 5926675, at *2, ¶¶ 6, 9 (Ariz. App. Nov. 22, 2011) (mem. decision).  This Court affirmed the dismissal order, and the Arizona Supreme Court denied Houston's petition for review.

¶4        On September 15, 2009, Houston mailed his substitute teaching certificate to the ADE, stating that he no longer "wish[ed] to possess" it and "requesting that it be expired immediately."  In March 2010, the Board filed a disciplinary complaint against Houston based on the grounds it had relied on in denying his application for a special education teaching certificate.

¶5        After a hearing about which Houston had notice, but did not attend, the Board's Professional Practices Advisory Committee ("Committee") recommended that the Board revoke Houston's substitute teaching certificate.  The Board adopted the Committee's recommendation and revoked Houston's substitute teaching certificate.  After an unsuccessful motion for rehearing, Houston appealed to the superior court.

---

[1]        In addition to considering the record in these proceedings, we take judicial notice of the facts set forth in this Court's memorandum decision in *Houston v. State Bd. of Educ.*, 1 CA-CV 10-0634, 2011 WL 5926675 (Ariz. App. Nov. 22, 2011) (mem. decision).

*See* Ariz. Rev. Stat. ("A.R.S.") § 12-904(A). The superior court affirmed the Board's decision, and Houston timely appealed. This Court has jurisdiction pursuant to A.R.S. § 12-913; *see also Svendsen v. Ariz. Dep't of Transp., Motor Vehicle Div.,* 234 Ariz. 528, 533, ¶ 13 (App. 2014) (construing A.R.S. § 12-913 as permitting review by the court of appeals).

## DISCUSSION

**¶6**        This Court will affirm a judgment upholding the decision of an administrative agency if it is supported by substantial evidence and is not contrary to law or arbitrary and capricious. *Webb v. State ex rel. Ariz. Bd. of Med. Exam'rs*, 202 Ariz. 555, 557, ¶ 7 (App. 2002); *see also* A.R.S. § 12–910(E). We review questions of law, including statutory interpretation and constitutional claims, *de novo. Webb*, 202 Ariz. at 557, ¶ 7.

## I.        The Board Could Pursue Disciplinary Action Against Houston

**¶7**        Houston contends the Board exceeded its statutory authority by initiating disciplinary proceedings after he had returned his substitute teaching certificate to the ADE. As relevant here, A.R.S. § 15-203(B)(5) authorizes the Board to:

> Proceed with the disposal of any complaint requesting disciplinary action *or with any disciplinary action* against a person holding a certificate . . . *after the* suspension or expiration of the certificate or *surrender of the certificate by the holder*.

(Emphasis added.)

**¶8**        We reject Houston's contention that A.R.S. § 15-203(B)(5) only permits the Board to continue an existing disciplinary proceeding, not to initiate disciplinary proceedings, after a certificate is surrendered. The plain language of the statute imposes no such limitation. On the contrary, it authorizes the Board to proceed with "any disciplinary action" against an individual who has surrendered his or her certificate. *See Premier Physicians Grp., PLLC v. Navarro*, 240 Ariz. 193, ___, ¶ 9 (2016) (plain language of a statute is usually the best indicator of legislative intent and when it is clear, courts apply the plain language unless it would lead to absurd or unconstitutional results).

**¶9**        Houston's distinction between "surrender" of a license and "return" of a license finds no support in statutory or case law authority and is inconsistent with the Board's purpose, as expressed by the legislature, of

excluding unsuitable individuals from the teaching profession. *See, e.g.*, A.R.S. §§ 15-203(A)(14) (Board shall "[s]upervise and control the certification of persons" engaged in classroom instruction.); 15-550(A)–(B) (requiring permanent revocation of teaching certificate upon holder's conviction of certain crimes); 15-534.02(A) (limiting circumstances under which a person may apply for certification after his certificate has been surrendered or revoked); *cf. Simms v. Napolitano*, 205 Ariz. 500, 503–06, ¶¶ 16–26 (App. 2003) (Department of Gaming may deny request to withdraw application for gaming license and proceed to a final determination because Department is legislatively mandated to protect the public by excluding unsuitable individuals from gaming).[2]

**¶10** Houston's contention he was somehow disadvantaged because his certificate did not expire until 2099, preventing him from electing not to renew it, is unavailing. Even if his certificate had expired in 2009 and he chose not to renew it, the Board still could have filed the disciplinary complaint against him. *See* A.R.S. § 15-203(B)(5) (The statute authorizes the Board to proceed with disciplinary action "after the suspension or expiration of the certificate or surrender of the certificate by the holder.").

## II. The Board Did Not Deny Houston Due Process

**¶11** Houston also argues the Board denied him due process because it did not allow him to be heard at the October 2010 Committee hearing. The record does not support this contention.

**¶12** A professional licensee maintains a property interest in his or her license, and the State must afford due process before curtailing that right. *Comeau v. Ariz. State Bd. of Dental Exam'rs*, 196 Ariz. 102, 106, ¶¶ 18–19 (App. 1999). Due process is not a static concept, but generally requires "notice and an opportunity to be heard" in a meaningful manner and at a meaningful time. *Id.* at ¶ 20.

**¶13** The Board was required to give Houston notice of the Committee hearing, with a statement of the time, place, and nature of the hearing and an opportunity to respond and present evidence. Ariz. Admin. Code ("A.A.C.") R7-2-703(A)–(B); *see also* R7-2-205(F)(6) (requiring

---

[2] Nor does the Board's purported willingness to allow Houston to "return" his certificate in lieu of disciplinary action as part of a settlement proposal control whether the Board was statutorily authorized to file a complaint when no such agreement was finalized.

Committee to conduct hearings pursuant to R7-2-701, *et seq.*). Houston does not dispute that the Board complied with these requirements, but argues he was deprived of due process because the October 2010 hearing proceeded after he advised that he could not attend due to problems with his vehicle.

¶14 The Committee offered Houston ample opportunity to participate in the hearing process and repeatedly rescheduled the hearing at his request between May and October 2010. When the Committee learned on the morning of the October hearing that Houston would not attend in person, it made numerous attempts to reach him by telephone, and it postponed the hearing for several hours based on a message Houston left indicating he could appear telephonically later in the day. The Committee was unable to reach Houston at the time he had designated, and the hearing proceeded.

¶15 Houston had notice of the Committee hearing and an opportunity to appear. "When [an] opportunity to be heard is granted to a complainant who chooses not to exercise it, that complainant cannot later plead a denial of procedural due process." *Watahomigie v. Ariz. Bd. of Water Quality Appeals*, 181 Ariz. 20, 27 (App. 1994). Contrary to Houston's assertion, the Committee was not required to *ensure* his participation. The Code provision Houston cites states only that the Board may conduct all or part of a hearing "by telephone, television, or other electronic means, as long as each party has an opportunity to participate in the entire proceeding as it takes place." A.A.C. R7-2-713(A). As discussed *supra*, Houston had the opportunity to participate in the hearing either in person or by phone. Furthermore, Houston appeared and presented evidence to the Board — the final decision-maker — when it considered the Committee's recommendation. *See* A.A.C. R7-2-205(A) (Committee acts in advisory capacity to Board regarding disciplinary matters); A.A.C. R7-2-717(A) (Committee shall prepare a recommended decision for the Board).

¶16 Under these circumstances, Houston has established no violation of his due process rights.

**CONCLUSION**

**¶17** For the foregoing reasons, we affirm the superior court's judgment upholding the Board's final decision.



AMY M. WOOD • Clerk of the Court
FILED: AA