NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

STATE OF ARIZONA, ex rel., the DEPARTMENT OF ECONOMIC
SECURITY (RACHEL MORELAND), [1] *Petitioner/Appellee*,

*v.*

ANTHONY HUTCHISON, *Respondent/Appellant*.

No. 1 CA-CV 19-0524 FC

FILED 7-9-2020

Appeal from the Superior Court in Maricopa County
No. FC2012-093111
The Honorable Gregg Clarke Gibbons, Judge *Pro Tempore* (Retired)

**AFFIRMED**

APPEARANCES

Arizona Attorney General's Office, Phoenix
By Carol A. Salvati
*Counsel for Petitioner/Appellee*

Anthony Hutchison, Florence
*Respondent/Appellant*

---

[1] This caption is amended as reflected. The amended caption shall be used
on all further documents filed in this appeal.

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Maria Elena Cruz[2] joined.

---

**W I L L I A M S**, Judge:

**¶1**        Anthony Hutchison appeals from an administrative decision affirming a limited income withholding order. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**        Hutchison and Rachel Moreland have six children in common. In 2013, the superior court issued a decree of dissolution and ordered Hutchison to pay Moreland $97 per month in child support. Sometime thereafter, Hutchison was sentenced to a term in the Arizona Department of Corrections ("ADC") following a felony conviction. In 2018, due to Hutchison's incarceration, the State petitioned to modify Hutchison's monthly child support obligation to zero. The superior court granted the State's petition and suspended any accrual of interest during incarceration. Hutchison, however, still owed approximately $4,000 in child support arrearages.

**¶3**        Between December 2018 and January 2019, the following sums were deposited into Hutchison's inmate account: (1) $150 from his mother; (2) $200 from a cousin; and (3) $100 from a friend. On January 28, 2019, the Arizona Department of Economic Security ("ADES") issued a limited income withholding order directing ADC to withhold a lump sum payment of $4,129.02 from Hutchison's inmate account for child support arrearages. Two days later, ADC withdrew $395.08 from Hutchison's account. Hutchison filed a request for administrative review of the limited income withholding order under A.R.S. § 25-522. ADES reviewed and upheld the order.

---

[2] Judge Maria Elena Cruz replaces the Honorable Kenton D. Jones, who was originally assigned to this panel. Judge Cruz has read the briefs and reviewed the record.

**¶4**          Hutchison then appealed seeking judicial review in the superior court claiming ADES erred in categorizing deposits to his account as lump sum payments under § 25-505(E) and allowing the funds to be withheld. The State filed a motion to dismiss Hutchison's appeal for failure to state a claim, citing to Arizona Rule of Civil Procedure 12(b)(6) and Arizona Rule of Family Law Procedure 29(a)(6). Hutchison responded, and also filed a motion requesting findings of fact and conclusions of law. Following an evidentiary hearing,[3] the court issued an under advisement ruling granting the State's motion to dismiss Hutchison's appeal and denying Hutchison's request for findings of fact and conclusions of law.

**¶5**          Hutchison timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), -913 and -2101(A)(1). *See Svendsen v. Ariz. Dept. of Transp., Motor Vehicle Div.*, 234 Ariz. 528, 533, ¶13 (App. 2014) (finding appellate jurisdiction under the Administrative Review Act for cases "permitted by law to be appealed from the superior court") (quoting A.R.S. § 12-120.21(A)(1)).

## DISCUSSION

**¶6**          On appeal to the superior court, A.R.S. § 12-910 affords a party the right to a trial *de novo* and/or an evidentiary hearing, but only *if requested*.[4] Hutchison did not request either an evidentiary hearing or a trial *de novo*. Rather, Hutchison specifically informed both ADES and the superior court, "[a] trial de novo is not requested." Hutchison, therefore, was entitled to have the superior court review the administrative decision to determine whether that decision was "illegal, arbitrary, capricious or involved an abuse of discretion." *Havasu Heights Ranch and Dev. Corp. v. Desert Valley Wood Products, Inc.*, 167 Ariz. 383, 386 (App. 1990).

**¶7**          The Rules of Procedure for Judicial Review of Administrative Decisions ("JRAD") govern, and expressly instruct that "[e]xcept as provided elsewhere in these rules, the Arizona Rules of Civil Procedure do

---

[3] The court's under advisement ruling is titled "IV-D ORAL ARGUMENT," but indicates testimony was taken and refers to the proceeding as an "Evidentiary Hearing."

[4] Subsection A provides in part: "*If requested by a party* . . . the court shall hold an evidentiary hearing . . . ." (Emphasis added.) Similarly, subsection C provides: "[T]he trial shall be de novo *if trial de novo is demanded* . . . ." (Emphasis added.)

not apply to proceedings held pursuant to A.R.S. §§ 12-901 to -914." JRAD Rule 1(a) and (b). Further, on appeal, the superior court is tasked to "affirm, reverse, modify or vacate and remand the agency action." A.R.S. § 12-910(E).

**¶8** Here, the superior court "dismissed" Hutchison's appeal based upon Arizona Rule of Civil Procedure 12(b)(6) and Arizona Rule of Family Law Procedure 29(a)(6). However, because Hutchison appealed ADES's determination under § 12-904, neither the Rules of Civil Procedure, nor the Rules of Family Law Procedure, are applicable. *See* JRAD Rule 1(b). Nothing in A.R.S. §§ 12-901 to -914, nor JRAD, authorizes the superior court to "dismiss" a timely administrative appeal; rather, the superior court's authority was to "affirm, reverse, modify or vacate and remand the agency action." A.R.S. § 12-910(E). It was improper, therefore, for the superior court to "dismiss" the appeal based upon procedural rules that do not apply. The State concedes this point.[5]

**¶9** Despite the superior court's labeling of its ruling as a grant of a motion to dismiss, a review of the record demonstrates the court reviewed the merits of the administrative decision and effectively affirmed the same. In its under advisement ruling, the court made specific findings of fact and conclusions of law,[6] citing to and relying upon legal authority in addressing the substantive issues Hutchison raises on appeal. In doing so, the court applied the correct legal analysis upon which ADES affirmed the underlying income withholding order. More specifically, the court made the following pertinent findings:

---

[5] Of note, both Hutchison and the State request that we reach the merits of the underlying administrative decision despite the court's error in granting the motion to dismiss.

[6] A.R.S. § 12-911(C) mandates: "On motion of a party before rendition of judgment, the superior court shall make findings of fact and state conclusions of law on which its judgment is based." Hutchison made a written request for the same. In its under advisement ruling, the court indicated it was denying Hutchison's request but only after the court made several express findings of fact and reached conclusions of law. The record thus demonstrates the court did comply with Hutchison's request made pursuant to A.R.S. § 12-911(C) despite the conflicting language in the court's ruling.

[1.] [A]rrearages [Hutchison] accrued under the [previous child support] order were not extinguished by the modification.

[2.] [ADES] has pursued administrative remedies as required or permitted by law to collect the arrears due as is done routinely in all child support cases. Pursuant to [A.R.S. § 25-505], [ADES] issued a Limited Income Withholding Order to obtain funds being held for [Hutchison's] benefit by [ADC] in order to apply said funds towards the past due child support owed by [Hutchison]. [ADC] withheld $395.08.

[3.] [Hutchison] requested an administrative review of the Limited Income Withholding Order on February 11, 2019.

[4.] [ADES] Administrative Review Unit determined that the case met the criteria for Limited Income Withholding and found in favor of the State. The final determination was dated February 12, 2019.

[5.] [Hutchison's] Notice of Appeal of Administrative Decision was timely filed.

[6.] [T]he source of the funds in the [inmate] account was lump sum gifts to [Hutchison] from [Hutchison's] mother, cousin and friend.

[7.] [ADES] does have the authority to issue an income withholding order to [ADC], which thereafter was obligated to withhold and transmit the funds to the Clearinghouse. [*See* A.R.S. § 25-505(A), (D)].

[8.] [Hutchison] sets forth no basis in his Notice of Appeal of Administrative Decision . . . that would justify his objection to the State's right, as a matter of law, to issue a Limited Income Withholding Order to collect delinquent child support.

[9.] [Hutchison] is aware of, and admits, the obligation for child support in this case and that he is delinquent.

[10.] [W]ithholding of periodic earnings has been postponed until [Hutchison's] release from incarceration, but that does not prohibit the use of other collection remedies which are cumulative and permissible by law. [*See* A.R.S. § 25-501(D),

(E); *see also State ex rel. Dep't of Econ. Sec. v. Torres*, 245 Ariz. 554 (App. 2018)].

¶10         These findings demonstrate the superior court thoroughly reviewed the administrative decision, made appropriate findings of fact based upon that review, and reached valid conclusions of law in considering Hutchison's appeal. And although the court ultimately upheld the administrative decision through an incorrect grant of a motion to dismiss, we may affirm the court's decision on any ground supported by the record. *Pettit v. Pettit*, 218 Ariz. 529, 531, ¶ 4 (App. 2008). We therefore may "reach the underlying issue of whether the administrative action was illegal, arbitrary, capricious or involved an abuse of discretion." *Havasu Heights*, 167 Ariz. at 386.

¶11         We will affirm an administrative decision appealed to the superior court under the Administrative Review Act if the record contains evidence to support the superior court's judgment. *Id.* Here, Hutchison argues ADES erred in categorizing gifts of $150, $200, and $100 from his mother, cousin, and friend, respectively, as lump sum payments under § 25-505(E). We addressed this issue in *State ex rel. Department of Economic Security v. Torres*, 245 Ariz. 554 (App. 2018), which the superior court cites in its order.

¶12         In *Torres*, ADC withheld $90.07 from the account of an inmate owing child support arrearages, pursuant to a limited income withholding order. *Id.* at 556, ¶ 3. In our analysis of § 25-505(E), we concluded that a "gift" of $120 from the inmate's mother, wired into the inmate's ADC account, qualified as a "lump sum payment" under § 25-505(E). *Id.* at 559, ¶ 19. We further held that because ADC became a "holder . . . of a lump sum payment that is . . . held for the benefit of an obligor," *see* A.R.S. § 25-505(A), ADES "had authority to issue the withholding order to ADC, which thereafter was obligated to withhold and transmit the money to the clearinghouse," *Torres*, 245 Ariz. at 559, ¶ 19; *see also* A.R.S. § 25-505(A), (D). Applying the holding in *Torres* to the matter at hand, ADES did not err in characterizing the deposits from Hutchison's mother, cousin, and friend as lump sum payments eligible for withholding from ADC consistent with the limited income withholding order.

**¶13**        Thus, based upon the record before us,[7] we cannot conclude the ADES decision "was illegal, arbitrary, capricious or involved an abuse of discretion." *See Havasu Heights*, 167 Ariz. at 386.

## CONCLUSION

**¶14**        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA

---

[7] The record does not include the transcript from the superior court evidentiary hearing. In the absence of a transcript, we presume the record supports the court's ruling. *Kohler v. Kohler*, 211 Ariz. 106, 108, ¶ 8 n.1 (App. 2005).