NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MICHAEL PETRAMALA, *Plaintiff/Appellant,*

*v.*

ARIZONA DEPARTMENT OF ECONOMIC SECURITY,
*Defendant/Appellee.*

No. 1 CA-CV 21-0632
FILED 5-12-2022

Appeal from the Superior Court in Maricopa County
No. LC2018-000227-001
The Honorable Sigmund G. Popko, Judge, *Pro Tempore*

**AFFIRMED**

COUNSEL

Michael Petramala, Phoenix
*Plaintiff/Appellant*

Arizona Attorney General's Office, Mesa
By Thomas Jose
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Jennifer M. Perkins joined.

---

**F U R U Y A**, Judge:

¶1 Michael Petramala, a vocational rehabilitation ("VR") services recipient, appeals from the superior court's judgment affirming the director's decision of the Arizona Department of Economic Security ("ADES"), which concluded the agency acted reasonably in excluding Petramala's police officer employment goal from his individualized plan for employment ("IPE"). For the following reasons, we affirm.

¶2 ADES first contends this appeal is moot because ADES has terminated Petramala's VR services. Even so, we exercise our discretion to hear and decide the appeal because it presents an issue "capable of repetition yet evading review." *See Cardoso v. Soldo*, 230 Ariz. 614, 616–618, ¶¶ 5, 9 (App. 2012) ("Our reluctance to consider a moot question is not driven by the Arizona constitution but is a matter of prudential or judicial restraint subject to the exercise of our discretion.").

## FACTS AND PROCEDURAL HISTORY

¶3 Petramala (born in 1974) has periodically received VR services through ADES since 2003. In 2004, the superior court adjudicated Petramala incompetent under Arizona Rule of Criminal Procedure 11 during proceedings on a misdemeanor prosecution in city court. *State v. Petramala*, No. 1 CA-CV 16-0523, 2017 WL 2180391, at *1, ¶ 2 (Ariz. App. May 18, 2017) (mem. decision); *Petramala v. Ariz.*, No. CV-19-00029-PHX-DWL, 2020 WL 3078380, at *1 (D. Ariz.) (slip copy). As a result, Petramala lost his legal right to possess firearms and his name was placed in the federal National Instant Criminal Background Check System ("NICS"), identifying him as a prohibited possessor when firearms dealers conduct background checks. *Id.*; *State v. Petramala*, No. 1 CA-CR 15-0774, 2016 WL 3360415, at *1, ¶ 3 (Ariz. App. June 6, 2016) (mem. decision); *see* Ariz. Rev. Stat. ("A.R.S.") § 13-3101(A)(7)(f) (stating a person who "has been found incompetent pursuant to [Rule 11], and who subsequently has not been found competent" is prohibited from possessing a firearm in Arizona).

¶4            Since that time, Petramala has, on multiple occasions, unsuccessfully attempted to restore his right to possess firearms and/or have his name removed from the NICS database. *See, e.g., Petramala*, No. 1 CA-CV 16-0523, at *1, *3, ¶¶ 4, 10–13 (attempting to restore his rights in 2016); *Petramala*, No. 1 CA-CR 15-0774, at *1–*3, ¶¶ 4–5, 8–12 (attempting to restore his rights in 2014); *In re Guardianship of Petramala*, No. 1 CA-CV 11-0217, 2012 WL 5333547, at *1–*3, ¶¶ 1, 6, 8, 9, 12–14 (Ariz. App. Oct. 30, 2012) (mem. decision) (attempting to remove his name from the NICS in 2009 and 2010).

¶5            In July 2013, Petramala informed his VR counselor of his interest in becoming a police officer for his IPE. In October, clinical psychologist Dr. Michael Rabara evaluated Petramala to provide recommendations as to what VR services might benefit him, given his background. In a report of his findings, Dr. Rabara noted Petramala exhibits social awkwardness, as well as "edgy tension," "abrasive irritability," and a "state of rigid control [that] never seems to abate." Dr. Rabara diagnosed Petramala with an unspecified anxiety disorder and dependent personality traits, ultimately concluding that the demands of police work were "likely too challenging for him."

¶6            In a June 2015 letter to Petramala, a VR assistant program manager explained why ADES did not believe police officer was an achievable employment goal for him. First, Petramala had never held a security-type position, nor was he allowed to carry a gun. Second, it was unlikely Petramala would pass the mental health exam required of police applicants given his "mental history." And lastly, Petramala's use of "inappropriate language with VR staff" raised concern about his ability to work well with others.

¶7            In April 2018, after years of litigation, ADES's Office of Appeals upheld, in relevant part, ADES's denial of Petramala's police officer employment goal for his IPE. Following an evidentiary hearing, the administrative law judge ("ALJ") agreed that such a goal was not consistent with Petramala's "strengths, resources, priorities, concerns, abilities, capabilities, interests, and informed choice." *See* 34 C.F.R. § 361.45(b)(2).

¶8            Petramala appealed to the ADES Director, who affirmed the ALJ's April 2018 decision for the reasons detailed therein and noted Petramala's police officer employment goal was misplaced given his inclusion on the NICS as a prohibited possessor of firearms. Petramala appealed to the superior court, which also affirmed the ALJ's decision. Petramala timely appealed to this court, and we have jurisdiction pursuant

to A.R.S. §§ 12-120.21(A)(1), -913,[1] and Rule of Procedure for Judicial Review of Administrative Decisions 13.

## DISCUSSION

**¶9**         On appeal, we will affirm an administrative action unless it is contrary to law, not supported by substantial evidence, arbitrary and capricious, or it involved an abuse of discretion. A.R.S. § 12-910(F); *Carlson v. Ariz. State Pers. Bd.*, 214 Ariz. 426, 430, ¶ 13 (App. 2007). We review all questions of law, including questions of statutory interpretation and constitutional claims, de novo. *See id.*

**¶10**         When an individual is deemed eligible for vocational rehabilitation services, federal regulations require the development of an IPE. 34 C.F.R. § 361.45. An IPE "must be designed to achieve a specific employment outcome . . . that is selected by the individual consistent with the individual's unique strengths, resources, priorities, concerns, abilities, capabilities, interests, and informed choice." 34 C.F.R. § 361.45(b)(2). But both the VR recipient and agency must agree on the IPE as well as on any amendments to the IPE. 34 C.F.R. § 361.45(d)(3), (7).

**¶11**         Before the superior court, Petramala argued his inclusion on the NICS is erroneous and he should be delisted. Such argument is an improper attempt to collaterally attack previous judicial decisions turning away his challenges to his NICS status. *See, e.g.*, *In re Guardianship of Petramala*, No. 1 CA–CV 11-0217, at *1–*3, ¶¶ 1, 8, 9, 12–14 (appealing the probate court's denial of Petramala's petition to modify his guardianship to remove his name from the NICS).

**¶12**         We need not and do not inquire into the underlying reasoning of the ALJ, because as indicated by the ADES Director, Petramala is a prohibited possessor of firearms and for that reason alone, a police officer employment goal for his IPE is unachievable as a matter of law.

**¶13**         To become a peace/police officer in Arizona, certification must be obtained through the Arizona Peace Officer Standards and Training Board ("the Board"). A.R.S. §§ 1-215(28) (defining "[p]eace officers" as those who are required to, in part, receive certification from the Board) and 41-1823(B); *see also* Ariz. Admin. Code ("A.A.C.") § R13-4-101

---

[1]         Although A.R.S. § 12-913 expressly allows a party to appeal to the "supreme court," we have construed this provision as "also allowing an appeal to the court of appeals." *Svendsen v. Ariz. Dep't of Transp., Motor Vehicle Div.*, 234 Ariz. 528, 533, ¶ 13 (App. 2014) (collecting cases).

("'Peace officer' has the meaning in A.R.S. § 1-215."). The Arizona Legislature charges the Board with prescribing minimum qualifications for the appointment of officers to enforce the laws of this state and its political subdivisions, as well as prescribing minimum courses of training. A.R.S. § 41-1822(A)(3)–(4).

¶14        Such minimum qualifications are set forth in statute and the A.A.C., more specifically. A.R.S. § 41-1822(A)(3); A.A.C. § R13-4-105–109. Applicants must complete basic training "for certified status." A.A.C. § R13-4-110; *see* A.R.S. § 41-1822(A)(4). As pertinent here, "[f]irearms training [is] required." A.A.C. § R13-4-110(A), (C); R13-4-116(E). And "[u]nless otherwise specified in [R13-4-110], a peace officer shall complete the firearms qualification courses required in R13-4-116(E) before the peace officer carries a firearm in the course of duty." A.A.C. § R13-4-110(C).

¶15        Here, the fact remains Petramala is a prohibited possessor of firearms, *see supra* ¶¶ 3–4. He therefore cannot partake in or complete the basic training requirements to become a certified peace officer in this state. *See* A.R.S. § 13-3101(A)(7)(f); A.A.C. §§ R13-4-110(A), (C) and R13-4-116(E). Accordingly, Petramala's police officer employment goal for his IPE is unachievable as a matter of law.

¶16        Moreover, Petramala does not otherwise challenge the ALJ's reasoning, which was adopted by the ADES Director. Indeed, as indicated by ADES in its answering brief, and undisputed by Petramala in his reply, it does not appear Petramala provided a transcript of the evidentiary hearing before the ALJ in the appellate record. As such, "we presume the items not included in the appellate record support [the ALJ's] ruling." *See Myrick v. Maloney*, 235 Ariz. 491, 495, ¶ 11 (App. 2014) ("An appellant . . . has an obligation to provide transcripts and other documents necessary to consider the issues raised on appeal."); *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995); ARCAP 11(c)(1)(B).

¶17        Petramala also argues that under the First Amendment, he was free to criticize his VR rehabilitation worker, and thus, ADES's closure of his VR services was error. Neither Petramala's opening or reply brief cites to any portion of the administrative record to support his claim. As such, the argument is waived. *See* ARCAP 13(a)(7); *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009). Moreover, we lack jurisdiction to address the appropriateness of ADES's decision to close his VR services. In 2005, the superior court deemed Petramala a vexatious litigant, prohibiting his filing of further actions in Maricopa County Superior Court without prior court approval. *State v. Petramala*, No. 1 CA-CR 14-0685, 2015 WL 4538384, at *1,

¶ 3 (Ariz. App. July 28, 2015) (mem. decision); Maricopa Cnty. Super. Ct., Admin. Ord. 2005-184. It appears from the record, and uncontested by Petramala, that he failed to obtain prior court approval before attempting to challenge the closure of his VR services in superior court. *See* A.R.S. § 12-3201(B). The superior court ultimately took the instant matter under advisement, limiting its review to Petramala's appeal concerning the 2018 decision of the ADES Director. As such, we are without jurisdiction to address any argument pertaining to the alleged improper closure of his VR services.

**CONCLUSION**

¶18          We affirm.



AMY M. WOOD • Clerk of the Court
FILED:      AA